

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

F. #2016R02185

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

August 23, 2018

By Hand Delivery and ECF

Garnett H. Sullivan
1080 Grand Avenue, Suite 200
South Hempstead, New York 11550

> Re: United States v. Donville Inniss
> Criminal Docket No. 18-134 (KAM)

Dear Mr. Sullivan:

Enclosed please find the government's discovery in accordance with Rule 16 of the Federal Rules of Criminal Procedure.[1]  The government also requests reciprocal discovery from the defendant.

I.   The Government's Discovery

   A.   Statements of the Defendant

Prior to the defendant's arrest, the Federal Bureau of Investigation conducted a court-authorized search of the defendant's email account patriotbb2@gmail.com.  Some resulting emails (not including any attorney emails) are enclosed on a thumb drive, Bates-numbered DOJ-CDL-0000001 – 0046603.  Additional resulting emails and documents are forthcoming.[2]

In addition, at the time of his arrest, the defendant received his Miranda warnings and then made certain statements to agents, which are included in a redacted report that is enclosed on a disc, Bates-numbered DOJ-CDL-0046631 – 0046637, supplements to the report,

---

[1] The materials are on a password-protected disc and thumb drive; the passwords will be emailed to you.

[2] Under separate cover, at a later date, a Department of Justice taint attorney will send additional emails and documents, including any potentially privileged emails.

Bates-numbered DOJ-CDL-0046604 – 0046629 and DOJ-CDL-0046638 – 0046647, along with the Miranda waiver form, Bates-numbered DOJ-CDL-0046630.

    B.    The Defendant's Criminal History

The government is not aware of the defendant's having a criminal history in the United States.

    C.    Documents and Tangible Objects

Excerpts from the Barbados Prevention of Corruption Act are also enclosed on the disc, Bates-numbered DOJ-CDL-0046648 – 0046652.

You may examine the physical evidence discoverable under Rule 16, including original documents, by calling me to arrange a mutually convenient time.

    D.    Reports of Examinations and Tests

The government will provide you with copies of any reports of examinations or tests in this case as they become available.

    E.    Expert Witnesses

The government will comply with Fed. R. Crim. P. 16(a)(1)(G) and Fed. R. Evid. 702, 703 and 705 and notify you in a timely fashion of any expert that the government intends to call at trial and provide you with a summary of the expert's opinion.

At present, the government anticipates calling an expert at trial to testify about Barbadian law.

The identity, qualifications, and bases for the conclusions of the expert will be provided to you when they become available.

    F.    Brady Material

The government is not aware of any exculpatory material regarding the defendant. The government understands and will comply with its continuing obligation to produce exculpatory material as defined by Brady v. Maryland, 373 U.S. 83 (1963), and its progeny.

Before trial, the government will furnish materials discoverable pursuant to Title 18, United States Code, Section 3500, as well as impeachment materials. See Giglio v. United States, 405 U.S. 150 (1972).

    G.    Other Crimes, Wrongs or Acts

The government will provide the defendant with reasonable notice in advance of trial if it intends to offer any material under Fed. R. Evid. 404(b).

II.        The Defendant's Required Disclosures

The government hereby requests reciprocal discovery under Rule 16(b) of the Federal Rules of Criminal Procedure. The government requests that the defendant allow inspection and copying of (1) any books, papers, documents, data, photographs, tapes, tangible objects, or copies or portions thereof, that are in the defendant's possession, custody or control, and that the defendant intends to introduce as evidence or otherwise rely on at trial, and (2) any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, or copies thereof, that are in the defendant's possession, custody or control, and that the defendant intends to introduce as evidence or otherwise rely upon at trial, or that were prepared by a witness whom the defendant intends to call at trial.

The government also requests that the defendant disclose prior statements of witnesses who will be called by the defendant to testify. See Fed. R. Crim. P. 26.2. To avoid unnecessary delays, the government requests that the defendant have copies of those statements available for production to the government no later than the commencement of trial.

The government also requests that the defendant disclose a written summary of testimony that the defendant intends to use as evidence at trial under Rules 702, 703, and 705 of the Federal Rules of Evidence. The summary should describe the opinions of the witnesses, the bases and reasons for the opinions, and the qualification of the witnesses.

Pursuant to Fed. R. Crim. P. 12.3, the government hereby demands written notice of the defendant's intention, if any, to claim a defense of actual or believed exercise of public authority, and also demands the names and addresses of the witnesses upon whom the defendant intends to rely in establishing the defense identified in any such notice.

III.       Emails Sent and Received by Defendants Incarcerated at a Bureau of Prisons Facility

The government may request that the Bureau of Prisons ("BOP") produce to the government emails sent and received by the defendant during his period of incarceration at a BOP facility (collectively, "BOP email communications"). While it is the government's position that BOP email communications, including those between the defendant and his or her attorneys and other legal assistants and paralegals on their staff, are not privileged communications, in most instances, the government will request that the BOP exclude from any production communications between the defendant and his attorneys and other legal assistants and paralegals on their staff, if you provide the full email addresses for such attorneys, legal assistants and paralegals by August 31, 2018. To enable this process, the government requests that you send an email to the undersigned Assistant U.S. Attorney with the list of email addresses in the body of the email. If you subsequently wish to provide an email address for an additional attorney, legal assistant or paralegal or change any of the previously provided email addresses, you should send an email with the complete list of email addresses, including email addresses that remain unchanged, in the body of the email.

IV.       Future Discussions

If you have any questions or requests regarding further discovery or a disposition of this matter, please do not hesitate to contact me.

Please be advised that, pursuant to the policy of the Office concerning plea offers and negotiations, no plea offer is effective unless and until made in writing and signed by authorized representatives of the Office. In particular, any discussion regarding the pretrial disposition of a matter that is not reduced to writing and signed by authorized representatives of the Office cannot and does not constitute a "formal offer" or a "plea offer," as those terms are used in Lafler v. Cooper, 132 S. Ct. 1376 (2012), and Missouri v. Frye, 132 S. Ct. 1399 (2012).

                                          Very truly yours,

                                          RICHARD P. DONOGHUE
                                          United States Attorney

By:      /s/ Sylvia Shweder
            Sylvia Shweder
            Assistant U.S. Attorney
            (718) 254-6092

            Gerald M. Moody, Jr.
            Trial Attorney
            U.S. Department of Justice
            (202) 616-4988

Enclosures

cc:      Clerk of the Court (KAM) (by ECF) (without enclosures)