

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

SLR: BMK/SS/GMM:CSK                    *271 Cadman Plaza East*
F. #2016R02185                          *Brooklyn, New York 11201*

February 13, 2019

<u>By ECF and Courtesy Copy by Interoffice Mail</u>
The Honorable Kiyo A. Matsumoto
United States District Court Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

       Re:    United States v. Donville Inniss
               <u>CR 18-134 (S-1) (KAM)</u>

Dear Judge Matsumoto:

The government writes in connection with the above-referenced criminal trial, currently scheduled to commence on October 28, 2019, before Your Honor.

The criminal forfeiture allegations set forth in the Superseding Indictment ("Indictment") state, in part, that in the event that the defendant Donville Inniss is convicted of any of the offenses charged in the Indictment, the government will seek forfeiture of: any property, real or personal, involved in, or any property traceable to, the charged money laundering conspiracy and money laundering offenses. <u>See</u> Indictment (Docket Entry No. 13) at ¶¶ 26-27. The government respectfully submits that it intends to seek entry of a forfeiture money judgment should the defendant be convicted of any of the charges in the Indictment. Therefore, there is no basis for retaining the jury for the forfeiture phase of this trial if the defendant is convicted of any of the charged offenses. <u>See</u> Fed. R. Crim. P. 32.2(b)(1)(A) and (5)(A). Accordingly, the government respectfully asks the Court to rule before the jury begins its deliberations that it need not be retained to determine the amount of money to be forfeited. <u>See</u> Fed. R. Crim. P. 32.2(b)(5)(A). Prior to filing this letter, the government has attempted, without success, to obtain defense counsel's consent on this particular issue.

    I.      <u>There is No Constitutional Right to a Jury Determination for Criminal Forfeiture</u>

As an initial matter, criminal forfeiture is a mandatory part of a defendant's sentence. <u>See</u> <u>United States v. Monsanto</u>, 491 U.S. 600, 607 (1989) ("Congress could not have chosen

stronger words to express its intent that forfeiture be mandatory in cases where [a forfeiture statute] applied . . . ."); United States v. Martin, 662 F.3d 301, 309 (4th Cir. 2011) ("Criminal forfeiture is part of defendant's sentence";  its purpose is "to deprive criminals of the fruits of their illegal acts and deter future crimes"); United States v. Capoccia, 503 F.3d 103,109 (2d Cir. 2007) ("When the government seeks to impose criminal forfeiture, Federal Rule of Criminal Procedure 32.2(b)(1) . . . requires the sentencing court to 'determine what property is subject to forfeiture under the applicable statute.'").  See also 18 U.S.C. § 982 (statute mandating order of forfeiture as part of the defendant's sentence if found guilty of the offense giving rise to the forfeiture); 21 U.S.C. § 853 (statute mandating order of forfeiture as part of the defendant's sentence if found guilty of a Title 21 offense).

As the Supreme Court has made clear in Libretti v. United States, 516 U.S. 29, 116 S. Ct. 356 (1995), there is no Sixth Amendment right to have the jury determine forfeiture.  516 U.S. at 49, 116 S. Ct. at 367-68 ("Our cases have made abundantly clear that a defendant does not enjoy a constitutional right to jury determination as to the appropriate sentence to be imposed").  Libretti remains controlling precedent, despite subsequent Supreme Court rulings requiring a jury to find facts that increase "punishment beyond a previously specified range" because "in criminal forfeiture, there is no such previously specified range."  United States v. Stevenson, 834 F.3d 80, 86 (2d Cir. 2016) (finding Libretti remains controlling precedent after S. Union Co. v. United States, 132 S. Ct. 2344 (2012), and holding that "[t]he calculation of the amount of forfeiture . . . remains within the province of the sentencing court");; United States v. Roberts, 660 F.3d 149, 166 (2d Cir. 2011) (relying on Libretti and expressly finding that "district courts are not required to conduct an 'investigative audit'" when making a forfeiture calculation); Capoccia, 503 F.3d at 116 (acknowledging the holding in Libretti that there is no Sixth Amendment jury trial right to a forfeiture determination); United States v. Perkins, 994 F. Supp. 2d 274, 275 (E.D.N.Y. 2014) (DLI) (rejecting defendant's request for a jury verdict on a criminal forfeiture judgment); United States v. Dolney, 2005 WL 1076269, at *11 (E.D.N.Y. 2005) (NGG) ("[F]or purposes of forfeiture's relationship to the Sixth Amendment, the only essential fact that must be found by the jury is the defendant's guilt."); see also United States v. Simpson, 741 F.3d 539, 560 (5th Cir. 2014) (rejecting the argument that the amount of forfeiture must be submitted to a jury).  Accordingly, because criminal forfeiture is a mandatory part of a convicted defendant's sentence, but is not part of a determinate sentencing regime, there is no constitutional right to a jury determination on the issue of criminal forfeiture.

## II.   There is No Legal Right to a Jury Determination of the Amount of a Forfeiture Money Judgment

While Rule 32.2(b)(5)(B) of the Federal Rules of Criminal Procedure permits either party to timely request a jury determination as to whether "the requisite nexus between the property and the offense committed by the defendant" has been established, where the government seeks only a forfeiture money judgment, forfeiture is to be determined by the

Court.[1]  Rule 32.2(b)(1)(A) states, "if the government seeks a personal money judgment [against the defendant], the court must determine the amount of money that the defendant will be ordered to pay."

As a court in this district has previously recognized:

The only determination that must be made when the government seeks a money judgment is the amount that the defendant will be ordered to pay.  If the government does not seek specific property, but rather a personal money judgment, the court itself determines the amount of money that the defendant will be ordered to pay.

United States v. Perkins, 994 F. Supp. 2d 272, 275 (E.D.N.Y. 2014) (DLI) (quotations and alterations omitted).  Indeed, the majority of courts that have addressed this issue, including those within this Circuit, have consistently held that Rule 32.2(b)(5) does not give either party the right to have the jury determine the amount of a forfeiture money judgment.  See United States v. Watts, 934 F. Supp. 2d 451, 493 (E.D.N.Y. 2013) (KAM) ("Rule 32.2(b)(1) does not provide a right to a jury determination of the money judgment amount.");
United States v. Bourne, 2012 WL 526721 at *1 (E.D.N.Y. Feb. 15, 2012) (NGG) (same);
United States v. Roberts, 631 F. Supp. 2nd  223, 225-26 (E.D.N.Y. 2009) (DLI) (same);
United States v. Galestro, 2008 WL 2783360 at *11 (E.D.N.Y. July 15, 2008) (ARR) (same);
United States v. Christie, 2014 WL 2158432, *9-10 (S.D.N.Y. May 23, 2014) (following the district court decisions in Perkins, Watts and Galestro and finding that defendant was not entitled to have the jury decide the amount of forfeiture money judgment); United States v. Reese, 36 F. Supp. 3d 354, 365-66 (S.D.N.Y. 2014) (because Rule 32.2(b)(5) applies only when the government is seeking specific assets and not when it is seeking only a money judgment, there was no error in failing to ask the defendant if he wanted the jury retained), aff'd 603 F. App'x 63 (2d Cir. 2015).  See also  United States v. Christensen, 828 F.3d 763, 821-22 (9th Cir. 2016) (rejecting defendant's arguments and holding that there is no constitutional right to have a jury decide forfeiture and that the federal rules do not require a jury determination for forfeiture in the form of a personal money judgment); cert. denied, 137 S. Ct. 628 (2017); United States v. Jameel, 626 F. App'x 415, 419 (4th Cir. 2015) (holding that defendant was not entitled to a jury trial on the determination of a money judgment for the proceeds of his wire and bank fraud scheme); United States v. Gregoire, 638 F.3d 962, 972 (8th Cir. 2011) (where government disclaims any intent to seek forfeiture of specific property, there is no issue for the jury); United States v. Tedder, 403 F.3d 836, 841 (7th Cir.) ("Rule 32.2 does not entitle the accused to a jury determination on the amount of the forfeiture"), cert. denied, 546 U.S. 1075 (2005).

---

[1] Rule 32.2 was amended in 2009 to avoid an inadvertent waiver of a jury determination, while also providing timely notice to the court and the jurors themselves if they would be asked to make a forfeiture determination as to specific properties, in contrast to a forfeiture money judgment.  See Fed. R. Crim. P. 32.2, Advisory Committee Notes, 2009 Amendments, Subdivision (b)(5)(A).

III.   Conclusion

Here, because the government seeks only entry of a forfeiture money judgment against the defendant, a jury determination of forfeiture is neither necessary nor warranted by the law.  Further, pursuant to Rule 32.2(b)(1)(A), the amount of a forfeiture money judgment must be determined by the Court.  Accordingly, the government respectfully requests that the Court make any forfeiture determination in the event that the defendant is convicted at trial of any of the charges in the Indictment.

Respectfully submitted,

RICHARD P. DONOGHUE
United States Attorney

*Claire S. Kedeshian*

By:   _____

Claire S. Kedeshian
Sylvia Shweder
Assistant U.S. Attorneys
(718) 254-6051/6092
Gerald M. Moody, Jr.
Trial Attorney
U.S. Department of Justice
Criminal Division, Fraud Section
(202) 616-4988

cc: Tony Ricco, Esq. (via ECF)