```
                                                                  1

1               UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF NEW YORK
2      - - - - - - - - - - - - - - - - -X
3      UNITED STATES OF AMERICA,         : 18-CR-134 (KAM)
                                         :
4              Plaintiff,                :
                                         : United States Courthouse
5           -against-                    : Brooklyn, New York
                                         :
6      DONVILLE INNISS,                  :
                                         : Friday, January 25, 2019
7              Defendant.                : 10:00 a.m.
       - - - - - - - - - - - - - - - - -X
8
                   TRANSCRIPT OF CRIMINAL CAUSE.
9                FOR TELEPHONIC STATUS CONFERENCE
               BEFORE THE HONORABLE KIYO A. MATSUMOTO
10                  UNITED STATES DISTRICT JUDGE

11

12                    A P P E A R A N C E S:

13     For the Government:       RICHARD P. DONOGHUE, ESQ.
                                  United States Attorney
14                                Eastern District of New York
                                  271 Cadman Plaza East
15                                Brooklyn, New York 11201
                                  BY:  SYLVIA SHWEDER, ESQ.
16                                     GERALD MOODY, ESQ.
                                       Assistant United States Attorneys
17
       For the Defendant:        LAW OFFICES OF ANTHONY L. RICCO
18                                20 Vesey Street
                                  Suite 400
19                                New York, New York 10007
                                  BY:  STEVEN Z. LEGON, ESQ.
20

21

22     Court Reporter:           DAVID R. ROY, RPR
                                  225 Cadman Plaza East
23                                Brooklyn, New York 11201
                                  drroyofcr@gmail.com
24
       Proceedings recorded by Stenographic machine shorthand,
25     transcript produced by Computer-Assisted Transcription.
```

*David R. Roy, RPR, CSR, CCR*
*Official Court Reporter*

1            (In open court; Telephone call initiated.)
2            THE COURT:  Hello.  Good morning.  This is
3    Judge Matsumoto.  This is a status conference in the case of
4    United States versus Donville Inniss.
5            Will the Government first state its appearance,
6    please.
7            (No audible response.)
8            THE COURT:  Who is appearing for the Government?
9            (No audible response.)
10           THE COURT:  Hello?  Can the parties hear me?
11           MS. SHWEDER:  Yes, Your Honor.
12           THE COURT:  All right.  This is a status
13   conference in the case United States versus Donville Inniss,
14   18-CR-134.
15           Who is on the line for the Government, please.
16           MS. SHWEDER:  Sylvia Shweder for the
17   United States.  Good morning, Your Honor.
18           THE COURT:  Good morning.
19           And what about for Mr. Inniss?
20           MR. MOODY:  Gerald Moody for the United States is
21   also on.  Good morning, Your Honor.
22           THE COURT:  Good morning.
23           MR. LEGON:  Good morning, Your Honor.  Steven
24   Legon from the Offices of Attorney Anthony Ricco appearing
25   for Donville Inniss, who is also on the line, Your Honor.

1    THE COURT:  All right.
2    THE DEFENDANT:  Good morning, Your Honor.
3    THE COURT:  All right.  So we have Mr. Legon with
4 Mr. Inniss, and Mr. Inniss is also on the line.
5    MR. LEGON:  Yes, Your Honor.
6    THE COURT:  All right.  Thank you.
7    I would like to note that this telephone
8 conference is being held with -- at the request and with the
9 consent of all the parties given the fact that Mr. Inniss
10 resides currently in Florida, and I think that for the
11 convenience of the parties that we agreed to do this by
12 telephone.
13    All right.  Does anyone object to this telephone
14 conference?
15    (No audible response.)
16    THE COURT:  No.
17    MR. LEGON:  No, Your Honor, no objection.
18    THE COURT:  All right.  So I wanted to hold this
19 conference because I know that Mr. Ricco's appearance in
20 this case, his firm's appearance is fairly recent, and we
21 have currently this case set for trial, I believe, on
22 June 24.  And I just wanted to see if that is still an
23 acceptable date for the parties?
24    MS. SHWEDER:  Obviously, that works for the
25 Government, Your Honor.

1  MR. LEGON: Your Honor, Steven Legon for the
2 defense. I have spoken to the Government and we have
3 briefly discussed the possibility making a request for the
4 trial to be pushed back. I think that Mr. Ricco's
5 instructions to me were to not ask for an adjournment unless
6 one was offered. At this point, I believe that we can try
7 the case in September -- excuse me in June -- the June's
8 date; however, Mr. Ricco would prefer to try it in
9 September. But I'm just throwing it out there and I'm not
10 making the request, I'm just letting the Court know where we
11 stand.
12  THE COURT: Well, saying you are not making a
13 request but expressing a preference to have a trial in
14 September is somewhat -- intention. So if Mr. Ricco does
15 want to adjourn --
16  MR. LEGON: Well --
17  THE COURT: -- he needs to be clear. And the
18 reason I am saying this is not because of anything
19 particular to Mr. Ricco or the case or anything else, but I
20 do have a fairly significant trial that I would slot into
21 that date in June if this trial were not proceeding.
22  And then I note the other issue, which is I
23 believe the indictment in this case named other defendants,
24 and I did not know whether they are expected to be before
25 the Court and whether we would have the ability to include

Proceedings 5

them in the trial as well.  If pushing it back were to result in, you know, a more cohesive single trial versus perhaps individual multiple trials.

MS. SHWEDER:  Right, Your Honor.  I think there's -- probably if it were in June there would be no chance of it.  If it was in September, there would be some chance of it.  We have to extradite for both of the other defendants, and extradition processes, are -- as Your Honor knows, I'm sure -- you know, it's just unpredictable.  And so while there would be more chance if it were held in September, I wouldn't want to say, Oh, you know, then we'll definitely be able to have it done and disappoint everybody, so...

THE COURT:  All right.

MS. SHWEDER:  There is more of a chance in September, though.

THE COURT:  All right.  I means, it just seems to me to be more efficient, and if that is Mr. Ricco's preference I would be happy to accommodate him.  But I would want to note on the record that that, you know, is his preference.

Is there any objection to that given what defense counsel has stated here on the record?

MS. SHWEDER:  Well --

MR. LEGON:  I'll let the prosecution answer.

Proceedings    6

1   THE COURT:  Well, no.  The question is directed to
2   you, sir.
3   MR. LEGON:  Okay.  Your Honor, we're very mindful
4   of the Court's scheduling order, and we did not want to do
5   anything to inconvenience the Court unduly; and certainly we
6   will abide by the direction of the Court, so we have no
7   objection.
8   THE COURT:  I know you do not have an objection,
9   but you stated that Mr. Ricco preferred to have the trial in
10  September.  Is that --
11  MR. LEGON:  That is -- that is correct.
12  THE COURT:  All right.  So that is why I am
13  willing to accommodate that preference.  I understand there
14  may be --
15  MR. LEGON:  And, you know -- Your Honor, I
16  apologize.  You were breaking up a little bit on the phone
17  there.  I may not exactly heard what I thought I heard.
18  But we would prefer to have the trial date moved
19  to September.  That is that would work better for the
20  defense.
21  THE COURT:  Well, let me say this:  The motion
22  schedule would probably stay as is.  The complication may be
23  if we have the other defendants join in this case and before
24  the Court whether a further trial delay would result because
25  they may need time to file motions or review discovery, et

Case 1:18-cr-00134-KAM   Document 36   Filed 02/15/19   Page 7 of 13 PageID #: 123

Proceedings                                                7

```
1   cetera.  And I would not want do delay Mr. Inniss's right to
2   a trial.  I am happy to keep this on June 24th.
3              So I guess what I would say to you, Mr. -- I'm
4   sorry, Mr. Legon --
5              MR. LEGON:  Yes.
6              THE COURT:  -- you really need to be clear about
7   what you would like to do.  I am ready and willing and able
8   to try this case in June and if necessary, when the other
9   defendants are here before the Court we will have to do
10  another trial if they do not plead.  So, you know, you need
11  to decide.  It is just unclear to me what, absent a request
12  to adjourn, whether that makes sense to adjourn it.  I
13  understand his preference that he has not stated that he
14  wants to have a postponement of this trial.
15             So given that, I suppose we will stick with the
16  June 24th trial date, and the Government will keep us posted
17  as to whether or not any of these defendants are expected to
18  come to the court -- before this Court in the future.  If
19  they are brought here and arraigned in February, then I
20  think a late June trial date is probably still possible.
21  But if they request a later date, then we can think about a
22  trial in the fall.
23             Does that make sense to --
24             MS. SHWEDER:  Yes, Your Honor.
25             THE COURT:  Is that an acceptable plan?
```

*Official Court Reporter*

1  MS. SHWEDER: Yes, Your Honor.
2  THE COURT: All right.
3  MR. LEGON: Yes, Your Honor.
4  THE COURT: All right. So we will ask, then,
5  whether Mr. Inniss wants to join in any application to
6  exclude time up through and including the June 24th trial
7  date?
8  MR. LEGON: Yes, Your Honor, we have no objection
9  to the exclusion of time.
10  THE COURT: All right. So, sir, what I would
11  suggest you do is write a letter to that fact, that you will
12  continue to the exclusion of time through and including
13  June 24th.
14  And does the Government have an objection for the
15  exclusion of time?
16  MS. SHWEDER: Of course not, Your Honor.
17  THE COURT: And, Mr. Inniss, you previously were
18  advised by the Court of your right to a speedy trial,
19  because I believe --
20  THE DEFENDANT: Yes, Your Honor.
21  THE COURT: -- exclusion of time up through today,
22  and because you now have a new attorney on board, do you
23  agree with and join in the application to exclude time from
24  the speedy trial right up through and including June 24th.
25  THE DEFENDANT: Yes, Your Honor.

1  THE COURT: All right. Well, then we will grant
2 the application for the reasons stated on the record,
3 particularly the new counsel's appearance, the need to
4 review discovery to prepare for trial, and I suppose --
5  Well, do the parties anticipate motions?
6  MS. SHWEDER: Yes, Your Honor.
7  THE COURT: All right.
8  MR. LEGON: Your Honor, we're uncertain at this
9 time.
10  THE COURT: All right. But you had indicated
11 earlier in this conversation that you were willing to abide
12 by any Court-ordered scheduling.
13  Is that still the case?
14  MR. LEGON: Yes, that is correct, Your Honor.
15  THE COURT: All right.
16  Now, Ms. Shweder, did we arraign Mr. Inniss yet on
17 the superseding indictment? I see an order that
18 indicates --
19  MS. SHWEDER: Yes.
20  THE COURT: Okay.
21  MS. SHWEDER: Oh, I'm sorry. Yes. Yes,
22 Your Honor, on August 23, 2018 you arraigned Mr. Inniss on
23 both the underlying indictment and the superseding
24 indictment.
25  THE COURT: All right. Great. Thank you.

David K. Roy, RPR, CSR, CCR
Official Court Reporter

1 All right. I just want to go back and review the
2 docket and see if there has been a pretrial scheduling order
3 for all motions yet?
4 MS. SHWEDER: Yes, Your Honor, on January 9th.
5 THE COURT: January 9th. Okay. Good. Yes, I see
6 it now. Thank you.
7 All right. So, Mr. Legon, we will expect to see
8 any motions from the defense side according to the schedule
9 that was just issued. Would you like another status between
10 now and then, between now and the trial date? I do not
11 think that that would be a bad idea.
12 Do the party have a need to --
13 MR. LEGON: Yes, Your Honor.
14 THE COURT: I'm sorry. Go ahead, sir.
15 MR. LEGON: I'm sorry. I'm sorry, Your Honor.
16 Proceed.
17 I just -- you're breaking up a little bit on my
18 phone, and I wasn't able to hear everything that was being
19 said in the last few seconds.
20 THE COURT: If you are on a cell phone, then maybe
21 in the future if you want to do a phone conference, you
22 should use a landline because I had trouble at times, not
23 now but at the beginning of the conference, where you were
24 breaking up as well.
25 Is there anything --

1    MR. LEGON:  I'm sorry, Your Honor.
2    THE COURT:  Do you want me to repeat anything,
3  Mr. Legon?
4    (No audible response.)
5    THE COURT:  No?
6    All right.  So we have --
7    MR. LEGON:  Hello?
8    THE COURT:  Did you want me to repeat anything,
9  sir?
10   MR. LEGON:  Oh, no, no, no, no.  I -- I -- I can
11 hear you now.  I can hear you now, Your Honor.
12   THE COURT:  All right.  So the question was, you
13 indicated that you could abide by the January 9th scheduling
14 order for motions.  And we had asked you to file the joint
15 status letter by April 26, 2019.
16   But if there is a need for a status conference
17 before that date, please let me know.  All right?
18   MR. LEGON:  Certainly, Your Honor.
19   MS. SHWEDER:  Thank you.
20   MR. LEGON:  And if I may just add one thing?
21   Obviously, our review of discovery may yield some
22 motions that we're unaware of at this time, and we're going
23 through the discovery as quickly as we could.  We have all
24 the discovery from the Government and received the most
25 recent disclosure last week.  And at this juncture, we don't

1  see any motion that would be necessitated by the discovery
2  reviews.  But once again, that's always in any case, a
3  possibility that upon reviewing some new information, a new
4  motion may arise and we would seek to file that within the
5  schedule deadline.  And if -- if we need discovered
6  something after the deadline we would make it known to
7  the Court.
8           THE COURT:  All right.  Well, I think the time
9  between now and March 4th is sufficient to allow you to
10 review the discovery and determine whether and what motions
11 to make.  So if the March 4th deadline is not going to be
12 feasible, hopefully, you will write me in advance of that
13 date.  But if we are going forward with June for the trial,
14 then I would not be willing or would be able to give you
15 much more in the way of adjournment, because I will be in
16 trial pretty much starting April 1st through and including
17 the day of this trial.
18          Is there anything else we need to address from the
19 parties?
20          MS. SHWEDER:  Not from the Government.
21          THE COURT:  All right.  So --
22          MR. LEGON:  Not from Defense, Your Honor.
23          THE COURT:  Thank you.
24          All right.  So, sir, Mr. Legon, I hope to see your
25 letter before close of business today indicating that your

1  client has joined in and request the exclusion of time and
2  that he does not, you know, object to the exclusion of time
3  up through and including June 24th.
4          All right?
5          MR. LEGON:  Certainly, Your Honor.
6          THE COURT:  All right.  Thank you very much.  Have
7  a good weekend everybody.
8          MS. SHWEDER:  You, too.  Thank you, Your Honor.
9          MR. LEGON:  You, too.  Thank you, Your Honor.
10         THE COURT:  All right.  Bye.
11         (Matter concluded.)
12                         --ooOoo--

*I (we) certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.*

*/s/ David R. Roy*                    *January 25, 2019*
 *DAVID R. ROY*                              *Date*