AES:SSS/GMM
F. #2016R02185

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -                                            18 CR 134 (S-1)(KAM)

DONVILLE INNISS,

           Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - X


## THE GOVERNMENT'S MEMORANDUM OF LAW IN OPPOSITION TO THE DEFENDANT'S PRE-TRIAL MOTIONS


RICHARD P. DONOGHUE
United States Attorney
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201

ROBERT A. ZINK
Acting Chief, Fraud Section
Criminal Division


SYLVIA SHWEDER
Assistant U.S. Attorney
    (Of Counsel)

GERALD M. MOODY, JR.
Trial Attorney

## TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................ ii

PRELIMINARY STATEMENT ................................................................................... 1

BACKGROUND ............................................................................................................ 1

ARGUMENT .................................................................................................................. 1

I.   The Defendant's Request for an Order Disclosing Brady and Giglio Material Should Be Denied ................................................................................................................ 1

II.  The Defendant's Request For an Order Disclosing 404(b) Evidence Should Be Denied .. 4

CONCLUSION ............................................................................................................... 5

PRELIMINARY STATEMENT

The government respectfully submits the following response to the defendant's pre-trial motions. Specifically, the defendant moved this Court to issue orders directing the government to: (1) disclose Brady, Kyles and Giglio information and (2) disclose other crimes, wrongs or bad acts that the government may seek to introduce pursuant to Federal Rule of Evidence 404(b). No such orders are necessary because the government (1) understands its obligations pursuant to Brady, Kyles and Giglio and will disclose any such information at the appropriate time and (2) has already moved to introduce certain other crimes, wrongs or bad acts of the defendant and will do so again in a timely manner if it intends to introduce any such additional crimes, wrongs or bad acts.

BACKGROUND

On June 5, 2019, the government filed its motions in limine, which included, inter alia, information about the defendant's request for purported donations to a Barbadian corporation that the defendant controlled (the "Corporation") that the government seeks to introduce at trial as direct evidence or, in the alternative, pursuant to Federal Rule of Evidence 404(b). The government intends to provide the defendant with 3500 material, which will include any Giglio material, on October 21, 2019, which is one week prior to the start of trial.

ARGUMENT

I. THE DEFENDANT'S REQUEST FOR AN ORDER DISCLOSING BRADY AND GIGLIO MATERIAL SHOULD BE DENIED

The defendant moves for an order disclosing material under Brady v. Maryland, 373 U.S. 83 (1963), Kyles v. Whitley, 514 U.S. 419 (1995), and Giglio v. United States, 405 U.S. 150 (1972). The government has already represented to the defendant that it is aware of and will comply with its continuing obligations to produce exculpatory material information under Brady.

1

The government has also advised the defendant that it will produce such material should any be discovered. Such representations are sufficient to ensure that the government will satisfy its Brady obligations. See United States v. Coppa, 267 F.3d 132, 144 (2d Cir. 2001) (noting that Brady and Giglio only require the production of exculpatory and impeachment material in sufficient time for the defense to use it effectively); see also United States v. Douglas, 525 F.3d 225, 245 (2d Cir. 2008) (holding that there was no Brady violation where the government disclosed material three calendar days before the start of trial); United States v. Rivera, et al., No. 13 CR 149 (KAM) (E.D.N.Y. Feb. 5, 2015) (ECF No. 177, pp. 36-37) (denying motion to compel the production of Brady and Giglio material where the government indicated it would comply with notice requirements); United States v. Dolney, No. 04 CR 159 (NGG), 2005 WL 1076269, at *8 (E.D.N.Y. May 3, 2005) (same). Thus, the defendant's motion to compel disclosure should be denied as moot.

The defendant's request for an order disclosing Giglio information should also be denied. As a general rule, defendants in criminal cases have no pretrial right to information discoverable under Giglio. See United States v. Nixon, 418 U.S. 683, 701 (1974) ("Generally, the need for evidence to impeach witnesses is insufficient to require its production in advance of trial"). Under Second Circuit caselaw, Giglio material must be disclosed only "in time for its effective use at trial." Coppa, 267 F.3d at 142. The immediate disclosure of Giglio material upon a defendant's request, or at any time prior to trial, is not required. See id. at 140; see also United States v. Yu, No. 97 CR 102 (SJ), 1998 WL 57079, at *5 (E.D.N.Y. Feb. 5, 1998) ("Brady material of an impeachment nature, commonly referred to as Giglio material, is not required to be produced before trial."); United States v. Velasquez, No. 96 CR 126 (S-9)(JFK), 1997 WL 414132, at *6 (S.D.N.Y. July 23, 1997) (same); United States v. Perez, 940 F. Supp. 540, 553

(S.D.N.Y. 1996) (same); United States v. Taveras, No. 95 CR 173 (AGS), 1995 WL 390167, at *11 (S.D.N.Y. June 30, 1995) (same). As noted in United States v. Hotte, No. 97 CR 0669 (SJ), 1997 WL 694718, at *2 (E.D.N.Y. Nov. 6, 1997):

> Evidence which is not exculpatory, but is relevant for the purposes of impeachment, must be produced to the defense, but need not be turned over in advance of trial. The government may wait until a witness has testified before disclosure of such material is mandated. Typical impeachment material, such as the witness's beneficial treatment by the government, is normally disclosed at the time the 3500 material is turned over – after the government's witness has testified on direct.

(internal citations omitted); Velasquez, 1997 WL 414132, at *6 (finding government need not disclose Giglio material prior to a witness being called to testify).

The government recognizes court holdings that Giglio material must be provided with sufficient time for it to be useful to the defense. See, e.g., United States v. Underwood, No. 04 CR 424 (RWS), 2005 WL 927012, at *3 (S.D.N.Y. Apr. 21, 2005) (requiring the government to make its Giglio disclosures two business days before trial was scheduled to begin); see also United States v. RW Prof'l Leasing Servs. Corp., 317 F. Supp. 2d 167, 179-80 (E.D.N.Y. 2004) (requiring government to make Giglio disclosures three days in advance of trial). Thus, in keeping with these principles, and to avoid any adjournments or delay at trial that may occur if Giglio material is not produced until after the government's witnesses have testified, the government will adhere to its customary practice of producing any such material at the same time it produces witness statements pursuant to 18 U.S.C. § 3500.[1] The Court's intervention is, accordingly, unnecessary and the defendant's motion should be denied.

---

[1] The government will only disclose material that in fact constitutes Giglio material. For example, the government is under no obligation to disclose – and will not disclose – the defendant's request for "[a]ny and all personnel files for any witness, the existence and identity of

3

II.     THE DEFENDANT'S REQUEST FOR AN ORDER DISCLOSING 404(B) EVIDENCE SHOULD BE DENIED

The defendant seeks an order disclosing evidence that the government intends to use at trial pursuant to Federal Rule of Evidence 404(b) in a reasonable time for the defendant to move to preclude it.  Courts in the Second Circuit have "generally interpreted 'reasonable notice' [for 404(b) disclosure purposes] to be ten days to two weeks before trial."  United States v. James, No. 02 CR 0778, 2007 WL 914242, at *8 (E.D.N.Y. Mar. 21, 2007); see also United States v. Heredia, No. 02 CR 1246, 2003 WL 21524008, at *10 (S.D.N.Y. Jul. 3, 2003) ("It has been the practice of courts in this circuit to deem notice afforded more than ten working days before trial as 'reasonable' within the meaning of Rule 404(b).").

First, the government has already notified the Court and defense counsel of its intent to introduce certain evidence regarding the Corporation as direct evidence of the crimes charged in the Superseding Indictment or, in the alternative, pursuant to Federal Rule of Evidence 404(b).  At this time, the government is not aware of other crimes, wrongs or bad acts that it may seek to introduce pursuant to Federal Rule of Evidence 404(b).  If any additional such evidence arises that the government intends to introduce, the government submits that the ten day to two week disclosure plan generally endorsed in our Circuit is appropriate in this case, as it has been in others.  The defendant has not put forth any grounds for why early disclosure is necessary in this case or any basis to conclude that disclosure ten days before trial would not be sufficient.

---

all federal, state, and local government files for any witness, and the existence and identity of all official internal affairs, internal investigations or public integrity files relating to or connected with each witness who was or is a law enforcement officer." Defendant's Memo. of Law point l. at page 8.

CONCLUSION

For the foregoing reasons, the government respectfully submits that the defendant's motions should be denied.

Dated: Brooklyn, New York
       June 24, 2019

                      Respectfully submitted,

                      RICHARD P. DONOGHUE
                      United States Attorney
                      Eastern District of New York

By:   /s/
                      Sylvia Shweder
                      Assistant U.S. Attorney
                      (718) 254-6092

                      ROBERT A. ZINK
                      Acting Chief, Criminal Division,
                      Fraud Section
                      United States Department of Justice

By:   /s/
                      Gerald M. Moody, Jr.
                      Trial Attorney
                      (202) 616-4988

cc:    Anthony Ricco, Esq., and Steven Legon, Esq. (by ECF)