UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA,                    Docket No. 18 Cr. 134 (KAM)

**DECLARATION**

     - against -

DONVILLE INNISS,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

STATE OF NEW YORK          )
COUNTY OF NEW YORK       ) ss .:

      Anthony L. Ricco, Esq., pursuant to Title 28, United States Code, section 1746, hereby declares

under the penalties of perjury:

      I am counsel for the defendant, Donville Inniss, and I make this declaration in opposition to

the Government's motion *in limine,* to preclude the government from introducing into evidence during

its case in chief (1) that on and around December 12, 2015, Donville Inniss made a request for bribe

payment in the amount of $4,000.00 from the Insurance Corporation of Barbados, Ltd. ("ICBL"); and

to oppose the government's motion in limine (2) to preclude Donville Inniss from introducing evidence

or argument concerning Barbadian criminal law enforcement, including that he has not been charged

with a crime in Barbados; (3) to preclude Donville Inniss from introducing evidence or argument that

bribes are a custom or practice in Barbados; (4) to preclude Donville Inniss from introducing evidence

or argument concerning his  prior "good acts;" and (5) to preclude Donville Inniss from introducing

evidence or argument concerning the defendant's family background, health condition, age, conditions

of pretrial release, or any other personal factor unconnected to guilt.  See, *Government's Motion In Limine*,

page 1, ¶ 1.

In support of its application, the government has detailed the specific information it seeks to introduce, along with supporting Second Circuit case authorities, which have liberally permitted the introduction of other act evidence under either theory of admission, but in entirely different factual situations. The defense does not question the prolific breadth of the case authority permitting other act evidence in other cases, nor does the defense question that this court remains the gatekeeper under Fed. R. Evid., Rule 403, to avoid unfair prejudice to Donville Inniss' right to a fair trial.

However, tor the reasons set forth below, *in seriatim,* the government's application should be granted in part and denied in part.

## I. Arguments In Response

1.  <u>The December 2015 Request for a Bribe Payment</u>

The government's theory of the case, is straightforward. The government claims that Donville Inniss used his position as a member of the Barbados Parliament and as the Minister of Interior, International Business, Commerce, and Small Business Development of Barbados (the "Minister of Industry") in 2015 and 2016 to solicit bribes from the Insurance Corporation of Barbados, Ltd. ("ICBL").

The Insurance Corporation of Barbados, Ltd., is an insurance company headquartered in Barbados, that offered various financial products, including health and casualty insurance. During the time period charged in the indictment, and for years prior, the Insurance Corporation of Barbados, Ltd., provided insurance products to the Barbados Investment and Development Corporation, a Barbadian government agency. It is alleged in the indictment that in his position as Minister of the Interior, Donville Inniss exercised authority and influence over the Barbados Investment and Development Corporation. The government further alleges that in exchange for bribe payments, Donville Inniss used his position as Minister of Industry to cause the Barbados Investment and Development Corporation

2

to renew insurance contracts with the Barbados Investment Development Corporation.   See, *Government's Motion In Limine*, page 2, ¶ 2.

While Inniss was the Minister of Industry in Barbados, he controlled the Corporation. According to the Government's theory of the case, in 2014 and 2015, Inniss sought purported "donations" from ICBL and directed payment of those "donations" to the Corporation.   The government alleges there is evidence that at least one of the purported "donations" that Inniss sought from ICBL was, in fact, a request for a bribe.   See, *Government's Motion In Limine*, page 3, ¶ 2.

In view of the government's theory of the case, it would seem that evidence that Donville Inniss requested a bribe, on any date, during the time period set forth in the indictment, would be probative of the existence of the conduct alleged in the indictment, and therefore constitute direct evidence.   At this juncture, the government's request to admit evidence of the request for donations, payment and transfer of funds to Donville Inniss' personal account seems well within reason.[1]

2.   <u>Introducing Evidence or Argument Concerning Barbadian Criminal Law Enforcement</u>

It would seem, in absence of some information not presently known to the defense (and the court), that the decisions of local law enforcement are plainly irrelevant to the charges of a conspiracy to commit money laundering and substantive money laundering in this case.   Donville Inniss does not have any intention to raise such issues, and therefore takes no position on the government's application.

3.   <u>Evidence or Argument that Bribes are a Custom or Practice in Barbados</u>

Donville Inniss is unaware of any lawful "custom or common practice" defense to a violation of charges of a conspiracy to commit money laundering and/or money laundering.   In addition, Donville Inniss is unaware that bribery is a "custom or common practice" in Barbados or anywhere else,

---

[1]   Once provided with an opportunity to review the 3500 materials, the defense may renew its opposition on this first issue, and seek preclusion pursuant to Fed. Rule Evid., Rule 403.

including the United States.  As such, Donville Inniss does not have any intention to raise such an issue, and therefore takes no position on the government's application.

4.     <u>Preclusion From Offering Evidence of Prior Good Acts</u>

In its search for the truth, the government has moved *in limine* to preclude the admission of any evidence of Donville Inniss' prior good acts, on the grounds that courts have precluded specific act evidence as a defense to the commission of the crimes charged.  In addition, in *pro forma* fashion and string citing cases that have rulings regarding specific issues raised in unrelated cases, the government also seeks to preclude Donville Inniss from offering into evidence any information that brings depth and perspective to his life narrative, including but not limited to his age, whether he has a family, education or, in words of the government prosecutors "*any other personal factor unconnected to guilt.*"  In view of today's prosecutors, the person in the courtroom is a criminal defendant and must be stripped of any information upon which a jury can make a meaningful assessment of his role in the offense, and his relationship with other witnesses who shall be called by the government.

This is yet another case wherein the government seeks to limit a defendant's Sixth Amendment right to present a defense through affirmative evidence about his background and history.  The government asserts that any evidence about these topics is totally irrelevant under Federal Rule of Evidence 401, and should thus be excluded under Federal Rule of Evidence 402.  *Government's In Limine Motion*, at page 10, 1ˢᵗ ¶.

In support of its application, the government has cited Rules of relevancy set forth under Federal Rule of Evidence 401 and Federal Rule of Evidence 402.  However, the government's view that a defendant's testimony concerning his good character, which is normally presented with the defendant's personal history and an account of his present circumstances, is not supported by the Second Circuit case authorities nor Rule 404(a)(1).  See *United States v. Pujana –Mena*, 949 F.2d 24, 29–30 (2d Cir.1991); *United States v. Han*, 230 F.3d 560 (2d Cir. 2000); and  *United States v. Blackwell*, 853 F.2d 86 (2d Cir.

1988)(testimony about the defendant's military service and educational accomplishments permitted).

In *Pujana–Mena,* the Second Circuit observed that Federal Rule of Evidence 404(a) provides, with specific enumerated exceptions, that character evidence is generally inadmissible. However, one of the exceptions allows a criminal defendant to introduce evidence of his good character. *United States v. Pujana–Mena,* supra, 49 F.2d at 29-30. In *United States v. Han,* 230 F.3d 560 (2d Cir. 2000), the defendant appealed his conviction for traveling in interstate commerce for the purposes of engaging in a sexual act with a person under 18 years of age, in violation of 18 U.S.C. § 2423(b). Pierce Han claimed on appeal that the district court committed error when the court prohibited testimony regarding his reputation as a law abiding citizen who does not exploit others. Pierce Han claimed that such character evidence was relevant to the issue of his criminal intent. The district court excluded such evidence as irrelevant. However, in *Han,* the Second Circuit held that such preclusion was error.

In *Han,* the Second Circuit observed that the district court. in its discretion, determines relevancy. See, *United States v. Lumpkin,* 192 F.3d 280, 287 (2d Cir.1999). And further, that district court has wide discretion to exclude evidence posing an undue risk of harassment, prejudice, or confusion of the issues. See, *United States v. Pascarella,* 84 F.3d 61, 70 (2d Cir.1996). The Second Circuit further observed:

> Federal R. Evid. 404(a)(1) applies a lower threshold of relevancy to character evidence than that applicable to other evidence. Although the Rule permits a defendant to introduce "[e]vidence of a pertinent trait of character," it is not based on an expectation that such evidence will prove helpful. See *United States v. Pujana–Mena,* 949 F.2d 24, 29–30 (2d Cir.1991). "The justification appears to be based on notions of fairness rather than logic; the defendant who, with the considerable forces of government arrayed against him and who may have little more than his good name to defend himself, should not be precluded from presenting even such minimally probative evidence." Id. at 30. Thus, Rule 404(a)(1) requires only that the proffered evidence of a character trait relate to some element at issue in the case. Han asserts that the evidence would contradict the government's allegation of criminal intent. Although unlikely, a jury may base an acquittal on character evidence alone. See *Pujana–Mena,* 949 F.2d at 30. Given this minimal standard, the trial court

erred in excluding the proffered reputation testimony.

Finally, the government argues that Donville Inniss' individual life history and work record (described as "prior good acts") should be excluded under Rule 403. In support of its argument, the government states that Donville Inniss's life history would (1) present a substantial risk of confusing the jury; (2) that jurors could lose sight of the issues they are being asked to decide, i.e., whether the defendant committed the essential elements of the charged offenses; (3) could improperly invite jury nullification; and finally (4) there is a significant possibility that the jurors will let sympathetic feelings for the defendant interfere with their duty to apply the law to the facts, which could result in substantial unfair prejudice to the government. *Government's In Limine Motion*, at pages 10, 12, 13 and 14.

Should Donville Inniss decide to exercise his Sixth Amendment right to testify at his upcoming trial, the jurors will have the opportunity hear his individual history, which includes both his triumphs and failures. The jurors will also have an opportunity to hear from Donville Inniss, who will explain his interaction, if any, with the individuals whom the government will be calling as their witnesses. It is the historic function of the jury - - not the government prosecutors - - to weigh all of the evidence, and to assess the credibility of all witnesses, consistent with the court's instructions. Jurors have been capable of performing this basic concept of our justice system since the inception of our nation.

Testimony about a witness' individual history and present circumstances is customary and assists the jurors in the discharge of their duty to assess the credibility of each witnesses presented at trial, and to afford the presented testimony its appropriate weight.

Prior to deliberations, jurors are given appropriate instructions on how to consider and weigh the testimony of the defendant, *United States v. Sullivan*, 329 F.2d 755 (2d Cir. 1964) (defendant's special interest in the case) and all other witnesses, including instructions on how to consider good character testimony. See, *United States v. Punjana-Mena*, 924 F.3d 24 (2d Cir. 1991).

In *United States v. Blackwell*, 853 F.2d 86 (2d Cir. 1988), the Second Circuit held that the district

6

court committed error when it precluded evidence of good character as part of this background, when

the defendant testified about his military service and education.  The Second Circuit observed:

> The testimony concerning Blackwell's service in the Marine Corps and
> his completion of two years of college was properly received as
> background.   It told the jury something about the defendant as a
> person, and his experience in life.  Similarly, the testimony that he had
> never been arrested or convicted of a crime would have been of some
> value to the jury in assessing Blackwell's credibility, which was
> important to them since Blackwell's defense primarily consisted of an
> exculpatory story.

*United States v. Blackwell*, 853 F.2d at 88.

In this case, the government has moved to preclude testimony of Donville Inniss' good conduct.

This position is contrary to Second Circuit case authority.

Finally, as observed by the Second Circuit Court of Appeals in *United States v. Punjana-Mena,* and

reiterated in *United States v. Pierce Han,* Donville Inniss is a defendant who has the "considerable forces

of government arrayed against him," has "little more than his good name to defend himself," and

"should not prevented from presenting such minimally probative evidence." See, *Pujana–Mena*, supra,

949 F.2d at 30.

There is nothing about the individual life history of Donville Inniss, which can possibly serve

to confuse jurors, or cause jurors to lose sight of their function.  To the contrary, listening to witnesses

and assessing their credibility is precisely what jurors are sworn to do.  The government's view that

somehow jurors will be distracted from their function, is a conclusion which has no basis in fact.  The

court shall instruct the jury that its verdict is not to be based upon sympathy, thereby addressing the

final concern raised by the government.

For all of the reasons set forth above, the Court should deny that portion of the government's

motion, which seeks to preclude the introduction of evidence of Donville Inniss' good acts (if any), his

age, his family composition, his education, service to his community, and employment history.

Alternatively, the court should grant a hearing to further discuss preclusion and application of any curative instructions, should the court grant any part of the government's motion *in limine*.

WHEREFORE, your declarant prays for an order denying in part the relief requested in the government's notice of motion, and for such other and further relief as this Court may deem just and proper.

Dated:  New York, New York
June 30, 2019

*Anthony L. Ricco*
Anthony L. Ricco