AB:GMM/SSS
F. #2016R02185

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -                                    18 CR 134 (S-1)(KAM)

DONVILLE INNISS,

            Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - X

## THE GOVERNMENT'S REPLY IN SUPPORT OF ITS PRE-TRIAL MOTIONS

                                           RICHARD P. DONOGHUE
                                           United States Attorney
                                           Eastern District of New York
                                           271 Cadman Plaza East
                                           Brooklyn, New York 11201

                                           ROBERT A. ZINK
                                           Acting Chief, Fraud Section
                                           Criminal Division

SYLVIA SHWEDER
Assistant U.S. Attorney

GERALD M. MOODY, JR.
Trial Attorney
       (Of Counsel)

TABLE OF CONTENTS

TABLE OF CONTENTS ...................................................................................................... ii

I.   The Court Should Preclude Evidence and Argument of the Defendant's Commission of
     Prior "Good Acts" or Non-Commission of Other Bad Acts............................................... 1

II.  The Defendant May Offer Evidence of His Background Only If He Testifies .................. 2

CONCLUSION.................................................................................................................... 4

The government respectfully submits this reply to the defendant's partial opposition to the government's pre-trial motions.  The defendant does not oppose the government's motions to (i) admit evidence concerning the defendant's requests to the Insurance Corporation of Barbados Ltd. for a purported donation to the Corporation; (ii) preclude the defendant from introducing evidence or argument concerning Barbadian criminal law enforcement, including that he has not to date been charged publicly in Barbados with any crimes; and (iii) preclude the defendant from introducing evidence or argument that bribes are a custom or practice in Barbados.  As such, the court should treat those motions as conceded and rule in favor of the government.  For the reasons set forth below, the Court should also grant the government's remaining pre-trial motions.

I.     THE COURT SHOULD PRECLUDE EVIDENCE AND ARGUMENT OF THE DEFENDANT'S COMMISSION OF PRIOR "GOOD ACTS" OR NON-COMMISSION OF OTHER BAD ACTS

In his opposition, the defendant argues that his prior good acts are generally admissible to show his "good character."  See Def.'s Opp'n to Gov's Mot. at 5.  As the government stated in its opening brief, Rule 404(a)(2)(A) of the Federal Rules of Evidence permits a defendant to "offer evidence of the defendant's pertinent trait."  The government agrees that the defendant's character is a "pertinent trait" in this case, and that the defendant is entitled to call witnesses who may testify about the defendant's reputation or provide an opinion of the defendant's character.  The Court, however, should preclude the defendant from introducing argument, evidence or testimony concerning specific good acts of the defendant.  Rule 405(a) provides that "[w]hen evidence of a person's character or character trait is admissible, it may be proved by testimony about the person's reputation or by testimony in the form of an opinion."

The cases cited by the defendant are consistent with this framework.  In United States v. Pujana-Mena, 949 F.2d 24, 26 (2d. Cir. 1991), the defendant introduced "three character

1

witnesses . . . who testified as to [the defendant's] reputation in his community as an honest and law-abiding person."  In <u>United States v. Han</u>, 230 F.3d 560, 563 (2d. Cir. 2000), the defendant "proffered testimony of his reputation for uprightness and an unwillingness to exploit others." Neither case stands for the proposition that a defendant may – through testimony or otherwise – introduce specific evidence of prior good acts or the non-commission of other bad acts. Accordingly, the Court should preclude the defendant from introducing evidence or arguing that he has done specific good acts or not committed other bad acts.

## II.      THE DEFENDANT MAY OFFER EVIDENCE OF HIS BACKGROUND ONLY IF HE TESTIFIES

In his opposition, the defendant also argues that evidence concerning his age, family composition, education, service to community and employment history are generally admissible as "background."[1]  <u>See</u> Def.'s Opp'n to Gov's Mot. at 6-7.  The case that the defendant cites for the proposition that "background evidence" of a defendant is admissible pertains to a situation in which the defendant actually testified.  In <u>United States v. Blackwell</u>, the defendant himself testified that he had completed two years of college, served in the United States Marine Corps and earned approximately $21,000 annually; however, the district court precluded the defendant from testifying that he had never been arrested or convicted of a crime.  853 F.2d 86, 87 (2d Cir. 1988).  The Second Circuit held that evidence concerning a testifying defendant's lack of a criminal record is "something that the trier of fact has a right to know in gauging the credibility of a witness.  The opportunity to inform the trier of fact of the accused's lack of a criminal record is clearly one of the factors which would motivate a defendant to testify."  <u>Id.</u> at

---

[1] The defendant appears to agree that evidence or argument concerning his conditions of pre-trial release or the punishment or consequences he faces if convicted are inadmissible.

2

88.  Indeed, "testimony that he had never been arrested or convicted of a crime would have been of some value to the jury in assessing [the testifying defendant's] credibility, which was important to them since [his] defense primarily consisted of an exculpatory story."  Id.  Blackwell thus stands for the proposition that certain background evidence, such as a testifying defendant's lack of a criminal record, is important for assessing the credibility of a defendant as a witness – not that such evidence is generally admissible, as the defendant incorrectly suggests in this case.

The government and the defendant agree insofar as at least some evidence about the defendant's age, family composition, education, service to community, and employment history is admissible if the defendant chooses to testify.  The Court should not, however, permit the defendant to use his testimony about his background as a backdoor method of introducing evidence relating to his prior good conduct.  See Blackwell, 853 F.2d at 88 (holding that evidence of the defendant's lack of criminal history was admissible "for a reason other than to prove good character," namely, to assist "the jury in assessing the [defendant's] credibility").

The Court also should preclude the defendant from introducing any extrinsic evidence of his background.  In United States v. Rivera, et al., this Court precluded "evidence of unrelated prior good conduct, i.e., charitable giving or cooperation with law enforcement" given the requirements of Rule 404(b) and "the risk of jury confusion."  No. 13-CR-149 (KAM), 2015 WL 1725991, at *2 (E.D.N.Y. Apr. 15, 2015).  The Court carved out a narrow exception for "good conduct . . . relevant to the charged conduct" such as to establish an alibi.  Id.  Here, extrinsic evidence about the defendant's employment or his personal history is not relevant to the charged conduct, and any extrinsic evidence on these topics – i.e., evidence other than the "background" testimony of the defendant – should be precluded.

3

CONCLUSION

For the foregoing reasons, the government respectfully submits that its pre-trial

motions should be granted.

Dated:  Brooklyn, New York
       July 3, 2019

<div style="margin-left: 50%;">

Respectfully submitted,

RICHARD P. DONOGHUE
United States Attorney
Eastern District of New York

By:     /s/
       Sylvia Shweder
       Assistant U.S. Attorney
       (718) 254-6092

ROBERT A. ZINK
Acting Chief, Criminal Division,
Fraud Section
United States Department of Justice

By:     /s/
       Gerald M. Moody, Jr.
       Trial Attorney
       (202) 616-4988

</div>

cc:    Anthony Ricco, Esq., and Steven Legon, Esq. (by ECF)