UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| UNITED STATES OF AMERICA, | Docket No. 18 Cr. 134 (KAM) |
| | **DECLARATION** |
| - against - | |
| DONVILLE INNISS, | |
| Defendant. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

STATE OF NEW YORK       )
COUNTY OF NEW YORK   ) ss .:

  Anthony L. Ricco, Esq., pursuant to Title 28, United States Code, section 1746, hereby declares under the penalties of perjury:

  I am counsel for the defendant, Donville Inniss, and I make this declaration in opposition to the Government's Supplemental Motion *In Limine,* to preclude the government from introducing, during its case in chief, evidence of the defendant's financial motive to commit the charged offenses. See, *Government's Supplemental Motion In Limine*, page 1, ¶ 1.

  In support of its application, the government has detailed the specific information it seeks to introduce, along with supporting Second Circuit case authorities for the admission of both direct and "other act" evidence.

  One of the cases that the government relies upon in support of its argument that evidence of motive may be admitted as direct evidence is *United States v. King*, 560 F.2d 122, 133 (2d Cir. 1977), which holds that it is within a district court's discretion "to admit evidence suggesting the defendant['s] motive for the crime charged,". However, in its gatekeeping function under Fed. R. Evid., Rule 403, the court may also exercise its discretion to exclude such evidence, if the court determines that such evidence is more prejudicial than probative.

The government provides Second Circuit case authority which has liberally permitted the introduction of "other act" evidence under either theory of admission, but in entirely different factual situations. The defense does not question the prolific breadth of the case authority permitting "other act" evidence in other cases, nor does the defense question that this court remains the gatekeeper under Fed. R. Evid., Rule 403, to avoid unfair prejudice to Donville Inniss' right to a fair trial. However, tor the reasons set forth below, the government's application should be denied.

## I. Arguments In Response

1. <u>The Defendant's Alleged Financial Motive</u>

The government's theory of motive in the case is straightforward. The government claims that Donville Inniss was facing financial difficulties, therefore he had a financial motive to commit the charged offenses. Specifically, the government asserts:

> Shortly before and during the same time period that the defendant was accepting and laundering bribe payments from ICBL, emails show that he was facing financial difficulties. Specifically, on March 5, 2015, the defendant sent an email to an individual (the "Individual") requesting a $75,000 loan to assist with an investment and college fees for his son. (GX 71).1  In his email, the defendant stated that time was "of the essence."

*Government's Supplemental Motion In Limine*, page 2, ¶ 2.

The government then sets forth a chronology of events as support for its proposition that Donville Inniss committed the offenses charged in the Superseding Indictment as a result of financial difficulties. See, *Government's Supplemental Motion In Limine*, page 2, ¶¶ 2-3.

However, the evidence of motive is collateral, and the government's theory is based upon pure speculation and conjecture, which unfairly characterizes Donville Inniss as a person in significant debt, and that is the reason he was taking bribes. While such a theory may appear to sound logical, the evidentiary foundation of the grounds supporting the theory exposes its weakness, and is removed in both time and place. The probative value of the government's desire to put before the jury evidence

of debt is substantially outweighed by the prejudice to Donville Inniss. First, the $75,000 loan itself is not relevant to anything in this case. Nor is there any other evidence that Donville Inniss is suffering any financial hardship, other than it appears that he has chosen to delay the repayment of a loan. And, as stated above, there is no connection between receipt of the bribes and repayment of the loan.

Although the government places great significance on the repayment of $2,000 of the $75,000 loan, it is a mere 2.67 percent of the total amount, which is clearly *de minimis*. Moreover, the repayment of $2,000 approximately 10 months after the first alleged bribe payment, and approximately 6 weeks after the second alleged bribe payment is too far removed in time to draw any type of negative inference therefrom.

The government concludes its argument by stating:

> At a rate of $2,000 per month, by April 2016 the defendant would have owed $20,000 – approximately the same amount of the April 2016 bribe. Thus, evidence of the defendant's financial obligations will provide context for the charged offenses and explain the "circumstances surrounding the events" at issue. Coonan, 938 F.2d at 1561.

*Government's Supplemental Motion In Limine*, page 4, ¶ 2.

This argument relies upon the inference that Donville Inniss accepted a bribe in the amount of approximately $20,000 to be used to repay $20,000 in past due loan obligations; however, it is a false inference - it assumes a fact that never happened. Therefore, in its gatekeeping function, this court should not permit this inference to be drawn, based upon the assertion of a fact that never occurred.

If, for instance, the government were able to show that there were emails or other communications connecting the repayment to the receipt of the alleged bribe payments, wherein Donville Inniss stated that he intended to make a loan repayment after he received money to be deposited into his account by a friend in New York, that would be a different circumstance, and defense counsel would be hard pressed to make a compelling argument against the admission of such evidence. But here, the facts presented *aliunde* do not support the conclusion that the government would like to argue, and the government should be precluded from introducing such evidence thereof.

This court should deny the government's Supplemental Motion In Limine, which seeks to introduce evidence, during its case in chief, of Donville Inniss' financial motive to commit the charged offenses for all of the reasons set forth above, and for the reasons articulated and admonished by the Supreme Court in *Old Chief v. United States*, 519 U.S. 172 (1997), which discussed the limitation on admitting relevant evidence set forth in Federal Rule of Evidence, Rule 403. Under this rule, otherwise relevant evidence may be excluded if the probative value of the evidence is substantially outweighed by

the danger of unfair prejudice, confusion of the issues, misleading the jury, or considerations of undue delay, wasting time, or needless presentation of cumulative evidence.  Alternatively, the court should grant a hearing to further discuss preclusion and application of any curative instructions, should the court grant the government's Supplemental Motion *In Limine*.

WHEREFORE, your declarant prays for an order denying the relief requested in the government's Supplemental Motion *In Limine,* as this evidence is more properly reserved for rebuttal evidence, depending upon the issues of law and/or factual assertions to be raised by Donville Inniss at trial; and for such other and further relief as this Court may deem just and proper.

Dated:  New York, New York
       September 5, 2019

*Anthony L. Ricco*
Anthony L. Ricco