### ANTHONY L. RICCO
ATTORNEY AT LAW

20 VESEY STREET • SUITE 400
NEW YORK, NEW YORK 10007
―
TEL (212) 791-3919
FAX (212) 964-2926
tonyricco@aol.com

Steven Z. Legon
*Of Counsel*

September 6, 2019

Hon. Kiyo A. Matsumoto
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

     **Re: *United States v. Donville Inniss*, Docket No. 18-Cr.-134 (KAM)**

Dear Judge Matsumoto:

  Defense counsel files this letter in opposition to the government's supplement to its first motion *in limine,* to preclude the government from introducing, during its case in chief, evidence concerning the defendant's request to the Insurance Corporation of Barbados Ltd. ("ICBL") for a purported "donation" to the defendant's Barbadian corporation (the "Corporation")," including two 7,000 Barbadian dollar donation checks that ICBL provided to the defendant, either as direct evidence of the crimes charged or as admissible evidence under Rule 404(b).  See, Government's letter dated September 3, 2019 (Supplement to Government's First Motion *In Limine),* page 1, ¶ 1.

  In its first motion *in limine*, the government sought to introduce evidence that on or about December 12, 2015, Donville Inniss made a request for bribe payment in the amount of $4,000.00 from the Insurance Corporation of Barbados, Ltd. (ICBL).

  Defense counsel did not object to the introduction of such evidence, because the government's theory was straight forward - that Donville Inniss used his position as a member of the Barbados Parliament and as the Minister of Interior, International Business, Commerce, and Small Business Development of Barbados (the "Minister of Industry") in 2015 and 2016, to solicit bribes from the Insurance Corporation of Barbados, Ltd. ("ICBL"). And, in view of the government's theory of the case, it would seem that evidence he requested a bribe, on any date, during the time period set forth in the indictment, would be probative of the existence of the conduct alleged in the indictment, and therefore constitute direct evidence, and at this juncture, the government's request to admit evidence of the request for donations, payment and transfer of funds to Donville Inniss' personal account seems well within reason, with the caveat that once provided with an opportunity to review the 3500 materials, the defense reserves its right to make a future objection.

However, the government now seeks to introduce two additional checks in the amount of 7,000 Barbadian dollars each, which are dated January 14, 2015 and February 11, 2015, respectively, and fall well outside of the August 2015 to April 2016 time period of the money laundering conspiracy which is charged in Count One of the superseding indictment. As a result, such evidence, which predates the charged conspiracy by 6 ½ months and 5 ½ months, is not properly admissible as direct evidence, because it has no evidentiary nexus or relationship to the actual conspiracy charged, and can only serve to confuse or mislead the jury. Furthermore, there is no reliable way to gage the impact that such evidence may have upon a jury, as compared to the impact of evidence of acts which allegedly took place within the time period of the charged conspiracy, thereby unfairly creating an unacceptable danger that a jury could convict the defendant based solely upon evidence which predates the charged conspiracy.

Moreover, as part of its gate-keeping function under Federal Rule of Evidence 403, this court should also deny the government's application to introduce such evidence, during its case in chief, as "other act" evidence under Federal Rule of Evidence 404(b), as this evidence is more properly reserved for rebuttal evidence, depending upon the issues of law and/or factual assertions to be raised by Donville Inniss at trial.[1]  Alternatively, the court should grant a hearing to further discuss preclusion and application of any curative instructions, should the court grant the government's Supplemental Motion *In Limine*.

                                        Respectfully,

                                        *Anthony L. Ricco*
                                        Anthony L. Ricco

cc: A.U.S.A. Sylvia Shweder (By E.C.F.)

cc: Gerald M. Moody, Jr. (By E.C.F.)
    Trial Attorney
    U.S. Department of Justice

---

[1] See, *Old Chief v. United States*, 519 U.S. 172 (1997), which discussed the limitation on admitting relevant evidence set forth in Federal Rule of Evidence, Rule 403.  Under this rule, otherwise relevant evidence may be excluded if the probative value of the evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, or considerations of undue delay, wasting time, or needless presentation of cumulative evidence.