```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
UNITED STATES OF AMERICA,
                                        MEMORANDUM AND ORDER
        - against -
                                        18-cr-134(KAM)
DONVILLE INNISS,

                Defendant.
----------------------------------X
```

**KIYO A. MATSUMOTO, United States District Judge:**

Donville Inniss ("the Defendant") has been charged with one count of conspiracy to launder money in violation of 18 U.S.C. § 1956(h) and two counts of money laundering in violation of 18 U.S.C. § 1956(a)(2)(A). Trial in this case is presently scheduled to commence on October 28, 2019. Currently before the Court is the motion of the United States of America ("the Government") to take a Federal Rule of Criminal Procedure 15 video-deposition of a specified witness ("the Witness")[1] on the basis that the Witness is unavailable to appear at trial and the Witness's testimony is material to the Government's case.

## Legal Standard

Rule 15 of the Federal Rules of Criminal Procedure provides that "[a] party may move that a prospective witness be deposed in order to preserve testimony for trial. The court may grant the motion because of exceptional circumstances and in the

---

[1] The identity of the Witness is known to the Court, the Government, and the Defendant. To protect the Witness's privacy, the Court will not note the identity of the witness on the public docket.

1

interest of justice." Fed. R. Crim. P. 15(a)(1). "The decision to grant or deny a motion to take a deposition rests within the sound discretion of the trial court." *United States v. Johnpoll*, 739 F.2d 702, 708 (2d Cir. 1984) (citing *United States v. Hayutin*, 398 F.2d 944, 954 (2d Cir. 1968), *cert. denied*, 393 U.S. 961 (1968)).

The exceptional circumstances required to justify a deposition under Rule 15(a) exist where the movant shows that "(1) the prospective witness is unavailable for trial, (2) the witness' testimony is material, and (3) the testimony is necessary to prevent a failure of justice." *United States v. Cohen*, 260 F.3d 68, 78 (2d Cir. 2001); *see also Johnpoll*, 739 F.2d at 709 ("It is well-settled that the 'exceptional circumstances' required to justify the deposition of a prospective witness are present if that witness' testimony is material to the case and if the witness is unavailable to appear at trial." (citing *United States v. Singleton*, 460 F.2d 1148, 1154 (2d Cir. 1972), *cert. denied*, 410 U.S. 984 (1973))).

### Discussion

The Government has established that exceptional circumstances exist here.

I. **Unavailability**

*First*, the Government has established that the Witness is unavailable to testify. "Unavailability is to be determined

2

according to the practical standard of whether under the circumstances the government has made a good-faith effort to produce the person to testify at trial." *Johnpoll*, 739 F.2d at 708 (citing *Ohio v. Roberts*, 448 U.S. 56, 74 (1979); *California v. Green*, 399 U.S. 149, 189 n. 22 (1970) (Harlan, J., concurring)). "A movant must provide specific reasons for a witness's unavailability; '[c]onclusory statements of unavailability . . . are insufficient.'" *United States v. Pham*, No. 12-cr-423(AJN), 2015 WL 7871348, at *1 (S.D.N.Y. Dec. 4, 2015) (quoting *United States v. Chusid*, No. 00-CR-0263(LAK), 2000 WL 1449873, at *1 (S.D.N.Y. Sept. 27, 2000)). If a foreign national refuses to come to the United States, he may be found unavailable for purposes of a Rule 15 deposition. *See Johnpoll*, 739 F.2d at 709.

    The Witness in this case is a citizen of Barbados who is currently present in Barbados. (Mot. for Dep. at 2.) The Witness was interviewed by Barbadian authorities pursuant to a Mutual Legal Assistance Treaty request by the United States government. (*Id.*) The Witness was initially hesitant to confirm whether he would travel to the United States for trial. (*Id.*) The Government continued to make follow-up inquiries with respect to obtaining the Witness's presence at trial (*id.*) but was informed on September 10, 2019 that "the [W]itness has declined to travel voluntarily to the United States to testify

3

at trial" (ECF No. 69, Reply in Supp. of Mot. for Dep., at 1). "Defense counsel has agreed that the [G]overnment's most recent representation [summarized above] satisfies the standard for unavailability under Rule 15." (*Id.*)

## II. Materiality

*Second*, the Government has established that the Witness's testimony would be material to its case. "Neither Rule 15 nor the Advisory Committee Notes define materiality. Thus, courts have assessed this prong of the exceptional circumstances test in a variety of ways, asking, for example, whether the testimony is essential or critical to the defense, exculpatory or capable of negating an element of the government's case, or is instead cumulative or merely corroborative." *United States v. Ahmed*, No. 14-cr-277(DLI), 2016 WL 3653961, at *2 (E.D.N.Y. July 1, 2016) (collecting sources) (internal quotation marks omitted); *see also, e.g.*, *United States v. Vilar*, 568 F. Supp. 2d 429, 440 (S.D.N.Y. 2008) (stating that "testimony is material if it is 'highly relevant to a central issue in the case'").

The Government expects the evidence to show that the Defendant "engaged in a bribery and money laundering scheme through which he accepted bribes from co-defendants Ingrid Innes, then-Chief Executive Officer ("CEO") of the Insurance Corporation of Barbados Ltd. ("ICBL"), and Alex Tasker, then-

4

Senior Vice President of ICBL, and laundered the money to and through the United States and elsewhere." (ECF No. 62, Motion to Take Deposition ("Mot. for Dep.," at 2.) Furthermore, the Government expects to establish that "[i]n exchange for these bribe payments, Inniss used his position as Minister of Industry to cause the Barbados Investment and Development Corporation ("BIDC"), a Barbadian government agency, to renew insurance contracts with ICBL." (*Id.*)

The Government further states that the Witness worked at BIDC during the relevant time period, and in his capacity there "reported to BIDC's CEO and was directly involved in BIDC's renewals of insurance contracts." (*Id.*) The Government expects the Witness to testify about, *inter alia*, "how BIDC selected insurance companies; the circumstances at BIDC surrounding its renewal of ICBL's insurance contracts in 2015 and 2016; how ICBL's share of BIDC's insurance business increased (and certain of ICBL's competitors' business with BIDC decreased) during that time period; and how ICBL's share of BIDC's insurance business decreased after 2016." (*Id.* at 2-3.)

In sum, the Government expects the Witness to "provide the jury with important testimony about BIDC, how BIDC selected insurance companies and how the selection process worked in connection with the ICBL contract renewals that are central to this case." (*Id.* at 3.) The Government has represented that

5

the Witness is the only witness it currently intends to call from BIDC and, therefore, his "testimony will provide the jury with important evidence that will not be addressed by other witnesses." (*Id.*)

### III. Failure of Justice

*Finally*, the Government has established that the testimony of the Witness is necessary to prevent a failure of justice. "It is well-settled that a Rule 15 deposition 'is necessary to prevent a failure of justice' where the proposed witness is unavailable, her testimony is material, 'and there are no substantial countervailing factors militating against the taking of the deposition." *Vilar*, 568 F. Supp. 2d at 442. Neither party has presented evidence of any countervailing factors in this instance and the Court finds none.

### Conclusion

Based on the foregoing, the Court grants the Government's motion to take a video deposition of the Witness from Barbados. "[A] defendant who is not in custody has the right upon request to be present at the deposition, subject to any conditions imposed by the court." Fed. R. Crim. P. 15(c)(2). "If the deposition was requested by the government, the court may – or if the defendant is unable to bear the deposition expenses, the court must – order the government to pay: (1) any reasonable travel and subsistence expenses of the

defendant and the defendant's attorney to attend the deposition; and (2) the costs of the deposition transcript." *Id.* 15(d).

The parties have not indicated whether the Defendant will seek to be present for the deposition of the Witness. The Court therefore ORDERS the parties to meet and confer with respect to a proposed date and means for the authorized deposition and to file a proposed order with the Court. The parties shall also include in the proposed order, if applicable, a provision indicating that the Government will pay any reasonable travel and subsistence expenses of the Defendant and the Defendant's attorney to attend the deposition and the costs of the deposition transcript.

**SO ORDERED.**

Dated:   Brooklyn, New York
         September 11, 2019

                              /s/ USDJ KIYO A. MATSUMOTO
                              Hon. Kiyo A. Matsumoto
                              United States District Judge