

U.S. Department of Justice

*United States Attorney
Eastern District of New York*

DCP:SSS/DG/GMM  *271 Cadman Plaza East*
F.#2016R02185  *Brooklyn, New York 11201*

September 12, 2019

By Hand and ECF
Honorable Kiyo A. Matsumoto
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

                Re:      United States v. Donville Inniss
                         Criminal Docket No. 18-134 (S-2)(KAM)

Dear Judge Matsumoto:

      The government respectfully submits this letter in further support of its September 3, 2019 supplemental motion in limine to admit evidence of two 7,000 Barbadian dollar purported donations that the Insurance Corporation of Barbados Ltd. ("ICBL") made to the defendant, (Dkt. No. 56 (the "Supplemental Motion")), and in reply to the defendant's response filed on September 6, 2019. For the reasons set forth in the Supplemental Motion and below, the government's motion should be granted.

I.      Background

      On June 5, 2019, the government moved to admit evidence concerning the defendant's request for a 4,000 Barbadian dollar purported donation from ICBL in December 2015. (See Dkt. No. 39 at 3-7). The defendant did not oppose the government's motion. (See Dkt. No. 43 at 2-3). On September 3, 2019, the government moved to admit evidence concerning two additional 7,000 Barbadian dollar purported donations from ICBL in January and February 2015. (Supplemental Motion at 1-2). On September 6, 2019, the defendant opposed the government's motion. (Dkt. No. 64). In his opposition, the defendant argues that evidence of the purported donations should not be admitted as direct evidence because the payments were made prior to the charged conspiracy period. (Id. at 1). In addition, the defendant argues that the evidence should not be admitted under Rule 404(b) in the government's case-in-chief because it "is more properly reserved for rebuttal evidence." (Id. at 2).

II.     Argument

      Evidence concerning the two 7,000 Barbadian dollar purported donations is admissible because evidence "relating to the time period before the charged conspiracy [is] admissible [when] it 'arose out of the same transaction or series of transactions as the charged

offense, . . . is inextricably intertwined with the evidence regarding the charged offense, or . . . is necessary to complete the story of the crime on trial.'" United States v. Reed, 576 F. App'x 60, 61 (2d Cir. 2014) (quoting United States v. Carboni, 204 F.3d 39, 44 (2d Cir. 2000)). Here, the two purported donations arose out of the same series of transactions as the charged offense – i.e., a series of payments that ICBL made to the defendant at around the time that co-defendant Ingrid Innes was seeking assistance from the defendant in connection with government affairs in Barbados. The two purported donations were made to a Barbadian corporation (the "Corporation") that the defendant controlled and that also received the 4,000 Barbadian dollar purported donation in December 2015. As described in the Supplemental Motion, the defendant emailed co-defendant Alex Tasker requesting a donation from ICBL in December 2014, communicated with Tasker about the purported donation, and subsequently received the two 7,000 Barbadian dollar checks dated January 14 and February 11, 2015. The check dated February 11, 2015 was signed by co-defendant Innes. (GX 22). On March 9, 2015, Innes sent an email to Tasker asking for the defendant's email address, which Tasker then provided to Innes. (GX 24). Innes responded, "Can you call him for me and verify with him?" (GX 25). That same day, Innes sent an email to the defendant, with the subject "FW: Private and Confidential," attaching a letter that ICBL sent to the Barbadian Minister of Finance on February 11, 2015 (the date of the second 7,000 Barbadian dollar check) and asking the defendant to let Innes "know when we can discuss." (GX 27). The attached letter was labeled "strictly confidential," signed by Innes, and addressed to the Minister of Finance of Barbados.[1] (Id.). In the letter, Innes requested that the Government of Barbados make payment on approximately 5.6 million Barbadian dollars in outstanding insurance premiums that the Government of Barbados owed to ICBL in February 2015. (Id.). Thus, the two purported donations were made at around the same time that co-defendant Innes was seeking assistance from the defendant in connection with government affairs.

Evidence regarding these payments and contemporaneous communications between the defendant and his co-conspirators helps to explain the nature of the relationship between the defendant and his co-conspirators, shows how the defendant had solicited and obtained payments from ICBL and communicated with Tasker regarding those payments, and provides context for the bribe payments that followed. See, e.g., United States v. Edwards, 723 F. App'x 48, 50 (2d Cir. 2018) (evidence of uncharged conduct admissible to, among other things, explain defendant's relationship with co-conspirators and complete the story of trial); United States v. Morillo-Vidal, 547 F. App'x 29, 31 (2d Cir. 2013) (evidence of uncharged conduct admissible to show background and explain defendant's relationship with co-conspirator).[2] Moreover, evidence of the purported donations is intertwined with the evidence of the charged conspiracy and completes the story of that conspiracy.

---

[1] The defendant was the Minister of Industry, International Business, Commerce, and Small Business Development of Barbados. The Minister of Finance of Barbados was a different person.

[2] The defendant contends that evidence regarding the two donations should be excluded because it may permit the jury to convict based solely upon conduct that predates the charged conspiracy. The defendant is incorrect because, as set forth above, evidence that predates a

      In the alternative, evidence of the two purported donations should be permitted under Rule 404(b) to show knowledge, intent, lack of mistake or accident and good faith.  The defendant does not appear to dispute that the evidence is admissible under Rule 404(b) but rather argues that the Court should preclude it under Rule 403 because it is more properly reserved for rebuttal evidence, depending on the issues raised at trial by the defense.  (Dkt. No. 64 at 2).  The defendant is incorrect because "[w]here intent to commit the crime charged is clearly at issue, evidence of prior similar acts may be introduced to prove that intent," and "[t]he government may introduce such evidence during its case-in-chief, rather than waiting until the conclusion of the defendant's case, as long as it is apparent that intent will be in dispute."  United States v. Caputo, 808 F.2d 963, 968 (2d Cir. 1987).  Moreover, as discussed in the government's prior motions, the probative value of the evidence regarding the defendant's solicitation and acceptance of purported donations from ICBL substantially outweighs any potential for unfair prejudice.  And, because the evidence does "not involve conduct any more sensational or disturbing" than the offenses charged, United States v. Pitre, 960 F.2d 1120, 1120 (2d Cir. 1992) (citation and internal quotation marks omitted), there is no risk of unfair prejudice.

      For the reasons set forth above, evidence concerning the two 7,000 Barbadian dollar purported donations should be admitted.

      Respectfully submitted,

      RICHARD P. DONOGHUE
      United States Attorney

By:   /s/
      David Gopstein
      Sylvia Shweder
      Assistant U.S. Attorneys
      (718) 254-6153/6092

      ROBERT A. ZINK
      Chief, Fraud Section
      Criminal Division
      U.S. Department of Justice

By:   /s/
      Gerald M. Moody, Jr.
      Trial Attorney
      U.S. Department of Justice
      (202) 616-4988

cc:    Anthony Ricco, Esq. and Steven Legon, Esq. (by ECF)

---

charged conspiracy period is admissible where, as here, there are proper bases for its admission.  Moreover, this issue could be addressed, if necessary, through appropriate jury instructions.