

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

DCP:SSS/DG/GMM                                    *271 Cadman Plaza East*
F.#2016R02185                                           *Brooklyn, New York 11201*

September 19, 2019

<u>By Hand and ECF</u>

Honorable Kiyo A. Matsumoto
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

                 Re:         <u>United States v. Donville Inniss</u>
                              <u>Criminal Docket No. 18-134 (S-2)(KAM)</u>

Dear Judge Matsumoto:

         The government respectfully submits this letter in response to the defendant's motion objecting to a portion of the proposed testimony of Thomas Durbin, LLM, the government's expert on Barbadian law, and seeking to strike Section 7 of the Prevention of Corruption Act of Barbados ("Section 7") from consideration by the jury (Dkt. No. 74 (the "Motion")). For the reasons set forth below, the government does not oppose the defendant's motion.

         In the Motion, the defendant argues that the Court should not instruct the jury on Section 7 because it shifts the burden to the defendant to prove his innocence. <u>See</u> Motion at 7. The government does not oppose the defendant's request because, as it indicated months ago, it is not seeking a jury instruction regarding Section 7. As the Court is aware, on July 15, 2019, the government filed proposed jury instructions that purposely omitted any reference to Section 7 and included a footnote explaining that "[t]he government does not request that the Court instruct the jury on [Section 7] of the statute because it may confuse the jury about the government's burden to prove the crimes in the Indictment beyond a reasonable doubt." Dkt. 46-4, Gov. Request to Charge, at 20, n.11.

         The defendant also argues that the Court should preclude Mr. Durbin from testifying about Section 7 in front of the jury. Because it is not seeking to have Mr. Durbin testify about Section 7 in front of the jury, the government also does not oppose this request. On July 15, 2019, the government notified the defendant and the Court that Mr. Durbin was prepared to testify pre-trial about Section 7, among other aspects of Barbadian law, either through an affidavit or live testimony, should the Court request additional information on Barbadian law in connection with the jury charge in this case. <u>See</u> Dkt. 46-1, Expert Notice Letter, at 1. The government does not intend to call Mr. Durbin as a witness at trial because, pursuant to Fed. R.

Crim. P. 26.1, the Court should resolve any foreign law determinations as a matter of law before trial, while considering any relevant materials or sources. See United States v. Kozeny, 582 F. Supp. 2d 535, 538 (S.D.N.Y. 2008) ("Though foreign law once was treated as an issue of fact, it now is viewed as a question of law and may be determined through the use of any relevant source, including expert testimony."). Furthermore, based on recent discussions with defense counsel, it appears unnecessary for Mr. Durbin to testify at all because the parties agree that the government's eighth proposed jury instruction (Barbadian Anti-Bribery Law) correctly describes the Prevention of Corruption Act of Barbados. The government will ensure, however, that Mr. Durbin is available to provide an affidavit or testimony should the Court request additional information concerning Barbadian law.

Respectfully submitted,

RICHARD P. DONOGHUE
United States Attorney

By: /s/
Sylvia Shweder
David Gopstein
Assistant U.S. Attorneys
(718) 254-6092/6153

ROBERT A. ZINK
Chief, Fraud Section
Criminal Division
U.S. Department of Justice

By: /s/
Gerald M. Moody, Jr.
Trial Attorney
U.S. Department of Justice
(202) 616-4988

cc: Anthony Ricco, Esq., and Steven Legon, Esq. (by ECF)

2