```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------X
UNITED STATES OF AMERICA,
```
                                                **MEMORANDUM AND ORDER**

   -against-                                18-CR-134 (KAM)

```
DONVILLE INNISS,

                      Defendant.
------------------------------------X
```

**MATSUMOTO, United States District Judge:**

        A three-count superseding indictment, dated August 1, 2019, charges defendants Donville Inniss ("Mr. Inniss"), and two others, Ingrid Innes ("Ms. Innes"), and Alex Tasker ("Mr. Tasker") (collectively, "defendants") with conspiracy to commit money laundering (Count I), in violation of 18 U.S.C. § 1956(h) and money laundering (Counts II and III), in violation of 18 U.S.C. § 1956(a)(2)(A). (Second Superseding Indictment (S-2) ("Indictment"), ECF No. 50, dated August 1, 2019.)

        These charges allege that from in or about and between August 2015 and April 2016, Mr. Inniss leveraged his position, as the Minister of Industry and as a member of the Parliament of Barbados, to engage in a scheme to accept approximately $36,000 in bribes from Ms. Innes, then-CEO of the Insurance Corporation of Barbados Ltd. ("ICBL"), and Mr. Tasker, then-Senior VP of ICBL, in violation of Barbadian law, and to launder that money to and through the United States. (*Id*. ¶ 10.) Furthermore, the

1

charges allege that Mr. Inniss, using his official position as Minister of Industry, caused the Barbados Investment and Development Corporation ("BIDC"), an agency of the government of Barbados and over which Mr. Inniss exercised authority, to renew two insurance contracts with ICBL ("2015 Contract" and "2016 Contract"). (*Id.* ¶¶ 11 - 17.)

Pursuant to the April 3, 2019 Pretrial Scheduling Order ("Pretrial Scheduling Order"), the parties were required to file their pretrial motions by June 7, 2019, opposition papers by June 28, 2019, and reply papers by July 5, 2019. (ECF No. 37, Pretrial Scheduling Order.) Though the parties filed pretrial motions by June 7, 2019, they continued to submit filings, including additional motions, well outside of the court-ordered schedule. On August 23, 2019, the government filed a supplemental motion *in limine* and a motion to produce and find a document not protected by the attorney-client privilege. (ECF No. 53, Supplemental Motion in Limine; ECF No. 54, First Motion to Produce and find document not protected by a-c privilege.) On September 3, 2019, the government filed a supplement to its first motion *in limine*. (ECF No. 56, Letter re September 6, 2019 conference and supplemental motion in limine as to Donville Inniss.) On September 4, 2019, the government filed a motion to take a Rule 15 deposition, which the court granted on September 12, 2019. (ECF No. 62, Motion to

2

Take Deposition; ECF No. 70, Memorandum and Order granting Motion to Take Deposition.) Over two months after submitting his initial pretrial motions on June 7, 2019, Mr. Inniss filed a motion to strike a section of foreign law and to object to that portion of the proposed testimony of the government's expert witness, Thomas Durbin LLM ("Mr. Durbin"). (ECF No. 74, Letter Motion to Strike Section of Foreign Law and Objection to Proposed Expert Testimony ("Def. Mot. to Strike"), dated 9/16/2019.) The parties mutually agreed, with permission from the court, to adjourn the trial date from October 28, 2019 to January 13, 2020, in part to permit the court to consider the late-filed motions. (Dkt. Entry dated 10/14/2019.)

This Memorandum and Order addresses Mr. Inniss's pretrial motions before the court ("Inniss Motions"), pursuant to the Pretrial Scheduling Order. The Inniss Motions request that the court: (1) direct the government to disclose *Brady/Kyles/Giglio* information to Mr. Inniss; (2) direct the government to disclose any and all acts that the government will seek to introduce against Mr. Inniss pursuant to Federal Rule of Evidence 404(b); (3) strike Section 7 of the Barbadian Prevention of Corruption Act of 1929 ("Section 7") from consideration by the jury in this case; and (4) preclude any testimony on that section by the government's expert. (ECF No. 40, Motion for Discovery of Brady-Kyles Evidence and for the

3

Timely Disclosure of 404(b) Evidence ("Def. Mot. to Compel"); ECF No. 74, Def. Mot. to Strike.) The government opposed Mr. Inniss's motions seeking to compel disclosure of *Brady/Kyles/Giglio* information and 404(b) evidence as effectively moot because the government, states that it is aware of, and intends to comply with its legal obligations, and because Mr. Inniss has not provided any grounds for why expedited disclosure is necessary in this case. (ECF No. 42, Response in Opposition re Motion for Discovery of Brady-Kyles Evidence and for the Timely Disclosure of 404(b) Evidence ("Gov. Opp.").) Mr. Inniss filed no reply in support of his motions to compel. The government does not oppose Mr. Inniss's motion to strike because the government is not seeking a jury instruction regarding Section 7 and is not seeking to have Mr. Durbin testify about Section 7. (ECF No. 76, Response to Motion re Letter Motion to Strike Section of Foreign Law and Objection to Proposed Expert Testimony ("Gov. Resp. to Def. Mot. to Strike").)

  The court will address the government's pretrial motions in a separate Memorandum and Order.

**DISCUSSION**

**A. Mr. Inniss's Request for an Order Requiring Disclosure of *Brady* and *Giglio* Material**

First, Mr. Inniss moves for an order directing the government to produce (a) any exculpatory evidence under *Brady v. Maryland*, 373 U.S. 83 (1963), including evidence pursuant to *Kyles v. Whitley*, 514 U.S. 419 (1995); and (b) any witness impeachment evidence under *Giglio v. United States*, 405 U.S. 150 (1972). Specifically, Mr. Inniss requests that the government provide him with *Brady-Kyles* material in the form of "statements of any individual which are: [1] inconsistent or contradictory with prior statements made by those individuals; [2] inconsistent or contradictory with the statements of others interviewed; and [3] inconsistent or contradictory with the government's theory of prosecution in its case against him." (ECF No. 40, Def. Mot. to Compel, at 3.) With regard to *Giglio* information, Mr. Inniss requests a litany of witness impeachment information. (*Id.* at 6 – 8.)

**1. Legal Standard**

"Under *Brady* and its progeny, 'the Government has a constitutional duty to disclose favorable evidence to the accused where such evidence is 'material' either to guilt or to punishment.'" *United States v. Certified Envtl. Servs., Inc.*, 753 F.3d 72, 91 (2d Cir. 2014) (quoting *United States v. Coppa*,

5

267 F.3d 132, 139 (2d Cir. 2001)). "Favorable evidence" that must be disclosed for purposes of *Brady* "includes not only evidence that tends to exculpate the accused, but also evidence that is useful to impeach the credibility of a government witness," also known as "*Giglio* material." *Id*. "[A] prosecutor must disclose evidence if, without such disclosure, a reasonable probability will exist that the outcome of a trial in which the evidence had been disclosed would have been different." *Coppa*, 267 F.3d at 142. As the Second Circuit noted in *Coppa*, the government must disclose evidence that "could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict." *Id*. at 135 (quoting *Kyles v. Whitley*, 514 U.S. 419, 435 (1997)).

Accordingly, the government must disclose all *Brady* and *Giglio* material "in time for its effective use at trial." *See id*.; *see also United States v. Douglas*, 525 F.3d 225, 245 (2d. Cir. 2008) (holding that there was no *Brady* violation where the government disclosed material three calendar days before start of trial); *United States v. Rivera*, No. 13-CR-149 (KAM)(E.D.N.Y. Feb. 5, 2015) (ECF No. 177, at 36-37) (denying motion to compel the production of *Brady* and *Giglio* material where the government indicated it would comply with notice requirements). The required timing of such a disclosure depends on the materiality of the evidence and the particular

6

circumstances of each case; thus, the Second Circuit has refrained from defining the temporal requirements of the phrase "in time for effective use." *United States v. Taylor*, 17 F. Supp. 3d 162, 177 (E.D.N.Y. 2014). Moreover, a defendant has "no pretrial discovery right to *Giglio* materials." *United States v. RW Prof'l Leasing Servs. Corp.*, 317 F. Supp. 2d 167, 179 (E.D.N.Y. 2004) (citing *United States v. Nixon*, 418 U.S. 683, 701 (1974)). Nevertheless, a "district court has the discretion to order *Brady/Giglio* disclosure at any time as a matter of sound case management." *Taylor*, 17 F. Supp. 3d at 177 (internal citation omitted).

2. **Application**

In its opposition memorandum, the government represented to the court and Mr. Inniss that it "understands its obligations pursuant to *Brady*, *Kyles*, and *Giglio* and will disclose any such information at the appropriate time." (ECF No. 42, Gov. Opp. at 1.) Indeed, in its August 23, 2018 letter to defense counsel, the government noted that, though it was not aware of any exculpatory material regarding the defendant, it "understands and will comply with its continuing obligation to produce [*Brady*] material." (ECF No. 15, Letter re discovery produced in court today.) To date, the government has sent defense counsel eight letters, pursuant to Rule 16 of the Federal Rules of Criminal Procedure, providing various

7

discovery-related disclosures. Notably, in its June 24, 2019 letter to defense counsel, the government disclosed certain information "that may be helpful to the defense," although the government did not concede that the information was "material" under *Brady*. (ECF No. 41, Letter information that may be helpful to defense.)

Because the government has represented that it is unaware of any *Brady* material in its possession, and because it has committed to produce such material should any be discovered, the government argues that Mr. Inniss's motion to compel disclosure should be denied as moot. Mr. Inniss has filed no reply in support of his motion to compel, and he has not given the court reason to believe that the government is not in compliance with its *Brady* obligations or that expedited disclosure is necessary in this case. Therefore, the court denies, as moot and without prejudice, Mr. Inniss's motion to compel under *Brady*.

Additionally, the government plans to produce any *Giglio* materials "at the same time it produces witness statements pursuant to 18 U.S.C. § 3500." (*Id.* at 3.) As there is no pretrial right to *Giglio* material and the government has represented that it will produce such materials in advance of trial, the court denies, as moot and without prejudice, Mr. Inniss's motion to compel disclosure of *Giglio* material.

## B. Mr. Inniss's Request for an Order Requiring Disclosure of 404(b) Evidence

Mr. Inniss seeks an order, pursuant to Federal Rule of Evidence 404(b) ("Rule 404(b)"), precluding the government from offering at his trial evidence of uncharged crimes or, alternatively, directing the government to disclose "any and all acts which the government would seek to introduce" against Mr. Inniss pursuant to Rule 404(b). (ECF No. 40, at 8.)

### 1. Legal Standard

Rule 404(b) requires the government to "provide reasonable notice . . . before trial" of its intent to introduce evidence of a defendant's other crimes or bad acts. *See* Fed. R. Evid. 404(b). Though Rule 404(b) does not define "reasonable notice," courts in the Second Circuit have "generally interpreted 'reasonable notice' [for 404(b) disclosure purposes] to be ten days to two weeks before trial." *United States v. James*, No. 02-CR-778, 2007 WL 914242, at *8 (E.D.N.Y. Mar. 21, 2007); *United States v. Heredia*, No. 02-CR-1246, 2003 WL 21524008, at *10 (S.D.N.Y. Jul. 3, 2003) ("It has been the practice of courts in this circuit to deem notice afforded more than ten working days before trial as 'reasonable' within the meaning of Rule 404(b)."); *United States v. Ojeikere*, 299 F. Supp. 2d 254, 257 (S.D.N.Y. 2004) (noting that courts in the Second Circuit have "routinely" found that at least ten business

days constitutes reasonable notice). "A court may provide for a longer notice period, especially in the case of a complex trial, in which the 404(b) evidence is critical to the action[.]" *United States v. Torres*, 05-CR-838 (NGG), 2006 WL 1982750, at *6 (Jul. 14, 2006) (internal citation omitted); *Ojeikere*, 299 F. Supp. 2d at 257 (S.D.N.Y. 2004).

### 2. Application

First, the court finds that Mr. Inniss's request for an order directing disclosure of 404(b) evidence was premature at the time the request was made because courts in the Second Circuit routinely find that two weeks' notice is "reasonable" for purposes of Rule 404(b) disclosures. *United States v. Russo*, 483 F. Supp. 2d 301, 308-09 (S.D.N.Y. 2007) (denying defendants' request for Rule 404(b) disclosure where government has represented that it will provide timely notice of any intent to introduce 404(b) evidence).

Second, through its pretrial motions and other submissions, the government has notified the court and defense counsel of its intent to introduce certain evidence regarding the Corporation as direct evidence or, alternatively, under Rule 404(b). (ECF Nos. 39, First Motion in Limine; 42, Gov. Opp. at 4; 53, Supplemental Motion in Limine; 56, Letter re September 6, 2019 conference and supplemental motion in limine.) To the extent that the government has not finished making its 404(b)

10

disclosures, Mr. Inniss's preemptive motion to preclude such evidence was premature and is thus denied without prejudice to renew, and Ms. Inniss's opposition to the government's pending motions will be considered in a separate decision.  *Torres*, 2006 WL 1982750, at *6.[1]

### C. Mr. Inniss's Motion to Strike Section 7 and Related Expert Testimony

The government's eighth request to charge the jury concerns the Prevention of Corruption Act of Barbados. Specifically, the government seeks to instruct the jury that the specified unlawful activity for the object of money laundering is the bribery of a public official in violation of Barbadian law.  (ECF No. 46-4, Ex. F, Proposed Jury Instructions at 17-20.)  Presently before the court is Mr. Inniss's "motion to strike" Section 7 of the Prevention of Corruption Act of Barbados from consideration by the jury in this case, as well as his objection to any testimony concerning Section 7 by the government's expert.  (ECF No. 74, Def. Mot. to Strike.)

Section 7 provides:

> Where, in any proceedings against a person for an offence under this Act, it is proved that any money, gift or other consideration has

---

[1] As noted at the outset, the court will address the government's pending pretrial motions, including its requests to introduce certain evidence as either direct evidence or, in the alternative, as admissible under Rule 404(b), in a separate Memorandum and Order.  (ECF No. 39, First Motion in Limine; ECF No. 56, Letter re September 6, 2019 conference and supplemental motion in limine.)

11

> been paid or given to or received by a person in the employment of the Crown or any Government Department or a public body by or from a person or agent of a person holding or seeking to obtain a contract from the Crown or any Government Department or public body, the money, gift or consideration shall, for the purposes of this Act, be deemed to have been paid or given and received corruptly as inducement or reward, unless the contrary is proved.

In the parties' joint letter dated July 26, 2019, the defendant indicated that he "generally does not object to the government's filing of July 15, 2019," which includes, among other things, proposed jury instructions submitted by the government. (ECF No. 47, Notice of joint letter following meet and confer; ECF No. 46-4, Ex. F.) For instance, defense counsel does not object to the government's proposed Request No. 6 and Request No. 7, which define the "specified unlawful activit[y]" in this case as "bribery of a public official, in violation of the Barbados Prevention of Corruption Act." (ECF No. 46-4, Ex. F at 11–16.) Furthermore, the government's proposed Request No. 8 would instruct the jury regarding Barbadian anti-bribery law and the six elements that must be proved to meet the definition of bribery as set forth in the Barbados Prevention of Corruption Act, one of which is that the "receiving person *corruptly* solicits, receives or agrees to receive" money, gifts or other

consideration. (ECF No. 46-4, Ex. F at 17-20 (emphasis added).) The government also acknowledges that Section 7 "states that when money, a gift or consideration has been given to a person (or their representative) employed by the Barbadian government, by an entity seeking a contract with the Barbadian government, it will be deemed 'corrupt' unless the contrary is proved by the defendant." (ECF No. 46-4, Ex. F at 20.) Thus, the "government does not request that the Court instruct the jury on [Section 7] because it may confuse the jury about the government's burden to prove the crimes in the Indictment beyond a reasonable doubt." (ECF No. 46-4, Ex. F at 20, fn. 11.)

Although incorrectly titled as a "motion to strike," defense counsel essentially seeks to exclude Section 7 of the Prevention of Corruption Act of Barbados from consideration by the jury in this case. Specifically, defense counsel claims that Section 7 creates a *mandatory*, as opposed to a permissive, burden-shifting presumption that would "conflict with the overriding presumption of innocence with which the law endows the accused and which extends to every element of the crime," which conflicts with tenets of United States federal and state criminal law. (ECF No. 74, Def. Mot. to Strike at 4-5 (quoting *Sandstrom v. Montana*, 442 U.S. 505, 523 (1979).) The government does not oppose Mr. Inniss's motion to exclude Section 7 from the proposed testimony by government expert Thomas Durbin, LLM,

13

or from the instructions given to the jury. (ECF No. 76, Gov. Resp. to Def. Mot. to Strike at 1 ("The government does not oppose the defendant's request because, as it indicated months ago, it is not seeking a jury instruction regarding Section 7.").) Notably, the government's proposed Request No. 8 does not appear to contain any allusion to burden-shifting with respect to the defendant's corrupt intent, and Section 7 is neither cited nor quoted in the proposed Request No. 8. (ECF No. 46-4, Ex. F at 17-20.) Though the court is aware of no reference to Section 7 in the proposed Request No. 8 or in any other proposed instruction, Mr. Inniss's motion is unopposed and conceded. Therefore, the court grants Mr. Inniss's request to exclude any references to Section 7 from the jury instructions. (ECF No. 46-4, Ex. F at 17-20.) In light of this order, the court also directs defense counsel to specify what, if any, part(s) of the proposed Request No. 8 he views as objectionable, **on or before November 25, 2019.**

Additionally, defense counsel requests that the court preclude the government's expert witness, Mr. Durbin, from testifying about Section 7. (ECF No. 74, Def. Mot. to Strike.) The government also does not oppose this request. (ECF No. 76, Gov. Resp. to Def. Mot. to Strike at 1 ("Because it is not seeking to have Mr. Durbin testify about Section 7 in front of the jury, the government also does not oppose this request.").)

14

Federal Rule of Evidence 403 allows a court to "exclude relevant evidence if the probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." *See* Fed. R. of Evid. 403; *United States v. Napout*, 332 F. Supp. 3d 533, 545 (E.D.N.Y. 2018) (excluding evidence regarding legality of bribery in defendants' home countries in the context of a motion *in limine* where such evidence "would be inadmissible at trial [] under FRE 403"). Because any probative value resulting from Mr. Durbin's testimony regarding Section 7 would be substantially outweighed by a danger of unfair prejudice, confusing the issues, and misleading the jury regarding the necessary elements that the government must prove with respect to the specified unlawful activity underlying Counts I-III, the court grants defendant's request to preclude Mr. Durbin from testifying about Section 7 in front of the jury.

## **CONCLUSION**

For the foregoing reasons, the court grants Mr. Inniss's motion to preclude Mr. Durbin from testifying before the jury regarding Section 7, and to exclude Section 7 from the government's proposed jury instruction Request No. 8. (ECF No. 46-4, Ex. F at 17-20.) The court respectfully denies without prejudice Mr. Inniss's motion to direct the government to

15

disclose all *Brady/Kyles/Giglio* material and to direct the government to disclose 404(b) evidence, to the extent it has not already done so.

**SO ORDERED.**

Dated: November 18, 2019
      Brooklyn, New York

                                    /s/
                             KIYO A. MATSUMOTO
                             United States District Judge
                             Eastern District of New York