F. #2016R02185

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

DONVILLE INNISS, et al.,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

STIPULATION AND
PROTECTIVE ORDER

18-CR-134 (S-2)(KAM)

WHEREAS, on August 23, 2019, the government filed a motion requesting that the Court find that a document created by the defendant Ingrid Innes was not protected by the attorney-client privilege, so that the government could use the document in its prosecution of the above-captioned case and produce the document to the defendant Donville Inniss in discovery (ECF No. 54 ("Privilege Motion"));

WHEREAS, on September 13, 2019, the defendant Ingrid Innes filed a response in opposition to the Privilege Motion (ECF No. 73);

WHEREAS, on September 18, 2019, the government filed a reply in further support of the Privilege Motion (ECF No. 75);

WHEREAS, on December 20, 2019, the Court issued a Memorandum and Order denying the government's Privilege Motion and finding that the attorney-client privilege protected the document (the "Attorney-Client Privileged Document") from disclosure (ECF No. 86 (the "Order"));

WHEREAS, the Order requires the government to take reasonable steps to promptly remove and/or destroy the Attorney-Client Privileged Document and any copies thereof

currently in its possession, and forbids the government from using the Attorney-Client Privileged Document in its prosecution of the above-captioned case;

WHEREAS, in the Order, the Court stated that it did not "consider whether the [Attorney-Client Privileged] Document is relevant, probative, or unduly prejudicial with respect" to the upcoming trial of the defendant Donville Inniss, but instead stated that "the sole aim of the government's Privilege Motion is to allow the Court to rule on whether the [Attorney-Client Privileged] Document is protected by the attorney-client privilege" (Order at 37);

WHEREAS, the trial against the defendant Donville Inniss is scheduled to begin on January 13, 2020;

WHEREAS, the government seeks to produce the Attorney-Client Privileged Attorney-Client Privilege Document to the defendant Donville Inniss because it contains information that may be disclosable under Giglio v. United States, 405 U.S. 150 (1972), and its progeny;

WHEREAS, the government therefore requested defendants Ingrid Innes and Donville Inniss to enter into this Protective Order, providing for the disclosure of the Attorney-Client Privileged Document to defendant Donville Inniss with the restrictions and protections provided in this Protective Order;

WHEREAS, the defendant Ingrid Innes does not intend to waive the attorney-client privilege as to the Attorney-Client Privileged Document;

IT IS HEREBY STIPULATED AND AGREED by and between the undersigned attorneys and ORDERED by the Court that:

1.  The government shall produce a copy of the Attorney-Client Privileged Document to the defendant Donville Inniss;

2. Production of the Attorney-Client Privileged Document to the defendant Donville Inniss shall not in any circumstance waive the defendant Ingrid Innes' attorney-client privilege as to the government in the above-captioned case or in any other proceeding, regardless of defendant Donville Inniss' use of the Attorney-Client Privileged Document and even if such use or disclosure were to violate this Protective Order;

3. The defendant Ingrid Innes' attorney-client privilege shall not be waived as to any third party, including the defendant Donville Inniss, by the government's production of the Attorney-Client Privileged Document to the defendant Donville Inniss, in either the above-captioned case or in any other federal or state proceeding, and this paragraph shall constitute an order pursuant to Fed. R. Evid. 502(d);

4. Without prejudice to, or waiver of, defendant Ingrid Innes' attorney-client privilege, the defendant Donville Inniss shall be permitted to use the Attorney-Client Privileged Document only in connection with the above-captioned case, specifically (i) in preparation for trial; (ii) during the cross-examination of witnesses at trial to the extent permitted by the Federal Rules of Evidence, except that the Attorney-Client Privileged Document may not be read aloud or published to the jury because it is not admissible under the Federal Rules of Evidence; and (iii) in connection with any appeal or collateral attack, except that the Attorney-Client Privileged Document may not be disclosed publicly;

5. Except as provided in paragraph 4, the defendant Donville Inniss and his counsel shall keep the Attorney-Client Privileged Document confidential and destroy all copies of the Attorney-Client Privileged Document within thirty days of the latest date of (a) a verdict of acquittal rendered by a jury, (b) the date by which an appeal must be filed after sentencing or (c) either the issuance of an appellate decision rendering a final judgment or the resolution of any

collateral attack on the final judgment;

  6.  The government shall promptly destroy all remaining copies of the Attorney-Client Privileged Document in its possession, as required by the Order; provided, however, that an attorney at the U.S. Department of Justice who is not a part of the prosecution team of the above-captioned case shall retain one copy of the Attorney-Client Privileged Document for the purpose of allowing the government to satisfy its constitutional obligations to the defendant Alex Tasker, if and when he is brought before the Court to stand trial and, at such time, the government shall meet and confer with counsel to defendants Ingrid Innes and Alex Tasker in an effort to reach an agreement concerning the conditions for any such production of the Attorney-Client Privileged Document to the defendant Alex Tasker;

  7.  Without otherwise seeking leave from this Court, the government agrees not to produce the Attorney-Client Privileged Document to any co-defendant absent the co-defendant's agreement to the conditions in this Protective Order;

  8.  The government agrees not to attempt to make any use of the Attorney-Client Privileged Document in the above-captioned case in any manner, including but not limited to examination of any witness or at sentencing, or in any proceeding arising out of the facts and circumstances in the above-captioned case;

  9.  No party may use the Attorney-Client Privileged Document in any manner, in any trial or proceeding, at any stage, in connection with any proceeding in which Ingrid Innes is a party appearing before the Court;

  10.  The government agrees that it will not move to reconsider, nor otherwise appeal, the Court's decision with respect to the Attorney-Client Privileged Document.

Dated:     Brooklyn, New York
           January 6, 2020

_____          RICHARD P. DONOGHUE
Anthony Ricco, Esq.                United States Attorney
Counsel to Defendant Donville Inniss   Eastern District of New York

                                   By: _____
                                   Sylvia Shweder
                                   Assistant U.S. Attorney

_____
Gary J. Mouw, Esq.                 ROBERT A. ZINK
Counsel to Defendant Ingrid Innes  Chief, Fraud Section
                                   Criminal Division
                                   U.S. Department of Justice

                                   By: _____
                                   Gerald M. Moody, Jr.
                                   Trial Attorney
                                   U.S. Department of Justice

SO ORDERED:

                        1-6-20
_____
THE HONORABLE KIYO A. MATSUMOTO
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK

5