UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA,　　　　　　　　　　Docket No. 18 Cr. 134 (KAM)

　　　　- against -　　　　　　　　　　　　　　　　**DECLARATION**

DONVILLE INNISS,

　　　　　　　　　Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

STATE OF NEW YORK　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　: 
COUNTY OF NEW YORK　　　　　　　) ss .:

　　　Anthony L. Ricco, Esq., pursuant to Title 28, United States Code, section 1746, hereby declares under the penalties of perjury:

　　　On or about October 29, 2018, attorney Steven Z. Legon and I were retained to serve as attorney of record for the defendant Donville Inniss, and as such I am familiar with the facts and circumstances of this matter. This motion is submitted seeking an order to permit attorneys Anthony L. Ricco and Steven Z. Legon to be relieved and withdraw as counsel for Donville Inniss, on the grounds set forth below.[1]

<u>Background and Reasons Supporting Application to be Relieved as Counsel</u>

　　　On August 22, 2018, an unsealing order revealed that a grand jury sitting in the Eastern District of New York had returned a three-count superseding indictment against Donville Inniss, Ingrid Innes and Alex Tasker. Count One charged Donville Inniss, Ingrid Innes and Alex Tasker with a conspiracy to commit money laundering in violation of 18 U.S.C. §1956(h). Counts Two and Three charged Donville Inniss, Ingrid Innes and Alex Tasker with money laundering, in violation of 18 U.S.C. § 1956(a)(2)(A). The case proceeded to trial based upon acts which took place in and between August 2015 and April 2016, dates upon which the government alleged payments were made in violation of Barbadian anti-bribery law and United States laws prohibiting money laundering.

---

[1] By email dated December 9, 2020, Donville Inniss advised me that he has, in fact, retained attorney Joel Hirschhorn of Miami, Florida to serve as his new counsel.

Government's Theory of the Case

Under the government's theory of the case, it was claimed that Donville Inniss used his position as a member of the Barbados Parliament, and as the Minister of Interior, International Business, Commerce, and Small Business Development of Barbados in August 2015 and April 2016, to solicit bribes from the Insurance Corporation of Barbados, Ltd. The Insurance Corporation of Barbados, Ltd., was an insurance company headquartered in Barbados, that offered various financial products, including health and casualty insurance. During the time period charged in the indictment, the Insurance Corporation of Barbados, Ltd., provided insurance products to the Barbados Investment and Development Corporation, a Barbadian government agency. The government's theory was that in his position as Minister of the Interior, Donville Inniss exercised authority and influence over the Barbados Investment and Development Corporation, and that in exchange for bribe payments, Donville Inniss used his official position to cause the Barbados Investment and Development Corporation to renew insurance contracts with the Insurance Corporation of Barbados, Ltd.

Jury Trial, Verdict and Post Verdict Motions

After jury selection on January 6, 2020, the trial commenced on January 13, 2020. The government proof consisted of testimony of officers from the Insurance Corporation of Barbados, Ltd., and its parent company, BF&M Limited of Bermuda, as well as testimony of law enforcement officers of the Federal Bureau of Investigation, bank records, business records, along with various emails and text messages. The defendant did not testify.

On January 16, 2020, after a short period of deliberations, the jury returned a verdict of guilty on each of the three counts of the indictment. On February 22, 2020, the defense motion for a judgment of acquittal pursuant to *Rule 29(c) Federal Rules of Criminal Procedure*. On July 24, 2020, the court denied the motion for a judgment of acquittal. There have been some delays in completing the Presentence Investigation Report, as a result of the COVID-19 pandemic, however, sentencing is presently scheduled for January 26, 2020 at 11:00 a.m.

Grounds Supporting Application To Be Relieved As Counsel:

On December 2, 2020, Donville Inniss informed Anthony L. Ricco, Esq. that he engaged the services of another attorney, the highly respected and experienced Joel Hirschhorn of Miami, Florida to direct the strategy of the case, to file objections to the Presentence Investigation Report, to prepare his sentencing recommendation memorandum. Upon further inquiry, I was informed by attorney Hirschhorn that Donville Inniss wished to challenge the performances of both Steven Legon and I at trial, with post verdict motions and in preparation for sentencing. Donville Inniss was advised that based upon his desire to raise claims challenging the effectiveness of counsel, our continued representation created a conflict of interest, and that an application would be filed for us to be relieved so that he could move forward with *conflict free* counsel. Donville Inniss endorsed that decision.

In addition, on December 9, 2020, Donville Inniss informed me in writing that he had, in fact, retained attorney Hirschhorn as his new counsel. As a result, this application has been filed so that both Steven Legon and I can be relieved as counsel and withdraw from the case. Since Donville Inniss states that he has, in fact, retained new counsel, there is no lapse in representation.

Compliance With Local Civil Rule 1.4 (Withdrawal As Counsel)

Your declarant has filed a motion to be relieved and otherwise withdraw as attorney of record pursuant to Local Civil Rule 1.4 (as adopted and made applicable to criminal cases by Local Criminal Rule 1.1). In compliance with Local Civil Rule 1.4, a copy of the motion to be relieved as counsel has been served on all parties via E.C.F., and upon the defendant by email.

WHEREFORE, the counsel requests the motion for Steven Z. Legon and Anthony L. Ricco to be relieved and withdraw as counsel is granted.

Dated: New York, New York
December 10, 2020

*Anthony L. Ricco*
Anthony L. Ricco

3