FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ NOV 12 2021 ★
BROOKLYN OFFICE

RECEIVED
NOV 12 2021
PRO SE OFFICE

rec'd 12/1/2021 JT

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-----------------------------------------------------------X

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

    v.                              Docket No. 18-CR-134 (KAM)

**DONVILLE INNISS,**

        **Defendant.**

-----------------------------------------------------------X

### DEFENDANT'S PRO SE MOTION FOR RELEASE ON BOND PENDING APPEAL, BROUGHT UNDER 18 U.S.C. 3143(b)(1)

NOW COMES Defendant, DONVILLE INNISS, appearing *pro se*, and respectfully submits this motion for his release on bail pending the final disposition of his direct appeal to the United States Court of Appeals for the Second Circuit, pursuant to 18 U.S.C. 3143(b)(1). In support of this motion, Defendant would show the Court as set forth hereinafter.

    **I.**    **BACKGROUND & RELEVANT FACTS.**

On August 1, 2019, Defendant was charged in a three-count second-superseding indictment filed in the eastern District of New York. Count One alleged a money laundering conspiracy, in violation of 18 U.S.C. 1956(h), allegedly occurring between August 2015 and April 2016, and encompassing two financial transactions – the first occurring on August 17, 2015, and the second occurring on April 18, 2016.

Counts Two and Three of the indictment charged substantive offenses surrounding the August 17, 2015 and April 18, 2016 financial transactions, allegedly in violation of 18 U.S.C. 1956(a)(2)(A). More specifically, the indictment alleged that, on August 17, 2015, Defendant violated the federal money laundering statute based on "[a] wire transfer in the amount of approximately $16,536.73 from a Bermuda Company account in Bermuda to a bank account at Bank 1 in Elmont, New York, in the name of the New York Dental Company, through a branch location of Bank 1 in Brooklyn, New York." *Indictment* at 7, Para. 25 (Count Two). Count Three alleges identical conduct, allegedly occurring on April 18, 2016, in the amount of $20,000. *Id.*

In sum, the indictment alleged that the funds involved in the transfers mentioned here were the proceeds of a bribery scheme, and that the Bermuda Company (unbeknownst to the Bermuda Company). *See, id.,* at 3, Para. 11 ("ICBL employees, including [redacted name] and ICBL executive 1, **did not disclose to the Bermuda Company that the payments were for the benefit of a Barbadian government official and instead falsely claimed that the payments were for '[c]onsulting services.'"**).

Defendant entered a plea of not guilty, proceeded to trial, and was convicted by a jury and sentenced to 24 months imprisonment. A direct appeal is pending.

## II. ARGUMENTS.

**DEFENDANT SHOULD BE RELEASED ON BAIL AS THERE IS CLEAR AND CONVINCING EVIDENCE THAT HE IS NEITHER A RISK OF FLIGHT OR DANGER TO THE COMMUNITY, THE APPEAL IS NOT FOR THE PURPOSE OF DELAY AND RAISES A SUBSTANTIAL QUESTION OF LAW LIKELY TO RESULT IN A REVERSAL OF THE CONVICTION ON DIRECT APPEAL**

### A. The Legal Standard.

18 U.S.C. 3143(b) provides that a court "shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal . . . be detained." Therefore, once a defendant is sentenced, the "presumption" as to whether that defendant should be detained turns "in favor of detention." *United States v. Abuhamra, 389 F.3d 309, 319 (2d Cir. 2004)*. That presumption may be rebutted, however, "by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released" and "that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in (i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced term of imprisonment less than the total of time already served plus the expected duration of the appeal process." 18 U.S.C. 3143(b). A decision of the district court not to release a criminal defendant on bail pending appeal is reviewable under 18 U.S.C. 3145(c).

To obtain release on bail pending appeal, a defendant must demonstrate that he is neither a risk of flight, nor a danger to the community, that his appeal is not for purposes of delay and raises substantial questions of fact or law likely to result in reversal or a new trial. <u>See</u>, *United States v. Randell,* 761 F.2d 122, 125 (2d Cir. 1985)(defining a "substantial question" under Section 3143(b) as "a close question," "fairly debatable," or "one that very well could be decided the other way."). Defendant submits that he is entitled to release pending the final disposition of the appeal.

**B. Discussion.**

**(i)** <u>Defendant is Not Likely To Flee or Pose A Danger if Released</u>.

Defendant respectfully submits that he is not likely to flee nor pose a danger to any other person or the community if released on bail pending appeal. As evinced by his bail history, which included Defendant being released on bond throughout the proceedings in the district court – including post-sentencing – Defendant is not likely to flee if released on bail. Notably, at all times while on pretrial, post-trial, pre-sentence, and post-sentence bond, Defendant honored the trust bestowed upon him by the Court and adhered strictly to the terms and conditions of his release, as set by the Court and administered by Pretrial Services. There is absolutely no reason to even suggest that Defendant would do otherwise if released now.

**(ii)     The Conviction Is Certain To Be Reversed On Direct Appeal**

As noted, the indictment charged Defendant with conspiracy to commit money laundering, and substantive money laundering offenses, which centered around two distinct financial transactions. One occurring on August 17, 2015 and the occurring on April 18, 2016. Each transaction allegedly involving a bribe payment, the transfer of which was affected by the payor of the bribe ("Bermuda Company") to the alleged payee of the bribe – the Defendant. However, until the Defendant had allegedly taken possession of the alleged bribery proceeds, he could not have engaged in a financial transaction in violation of the federal money laundering statutes. Indeed, as even the allegations make clear, Defendant did not take, and could not have taken, possession of the bribery proceeds until after the funds had been received by him from the Bermuda Company.

The indictment here does not allege that Defendant engaged in any money laundering activity after he allegedly received the bribe. Indeed, the offense of bribery is completed upon receipt of the bribe itself – which the indictment alleges was transfer (via wire) of the funds on the two dates specified therein, and heretofore. Thus, the conduct alleged as a factual basis for the conspiracy and substantive offenses did not constitute an offense under the federal money laundering statutes. As such, the judgment of conviction is certain to be reversed on direct appeal.

The Second Circuit has emphatically stated that "[t]o prevail under the money laundering statutes, the government must show that defendant '(1) acquire[d] the proceeds of a specified unlawful activity and then (2) engage[d] in a financial transaction with those proceeds.'" *United States v. McCarthy*, 271 F.3d 387, 394 (2d Cir. 2001)*(quoting United States v. Napoli,* 54 F.3d 63, 68 (2d Cir. 1995)). Here, there is not even a single allegation of Defendant engaging in a monetary or financial transaction with the alleged bribery proceeds, *after* allegedly receiving the proceeds. Consequently, the judgment of conviction cannot stand and will be reversed. *See, also United States v. Conley,* 37 F.3d 970, 980 (3d Cir. 1994)("Although the money laundering statute does not define when money becomes 'proceeds,' it is obvious to us that proceeds *are derived from an already completed offense, or a completed phase of an ongoing offense, <u>before they can be laundered.</u>*")*(citing United States v. Paramo,* 998 F.2d 1212 (3d Cir. 1993)*(specified unlawful activity was legally completed mail fraud – the proceeds of which were ripe for laundering); United States v. Lovett,* 964 F.2d 1029 (10th Cir. 1992).

Binding Second Circuit precedent barred the conviction in this case, inasmuch as there are no allegations that Defendant first received the bribe, and then subsequently engaged in a financial transaction. Thus, based on the holdings in *Napoli* and *McCarthy*, the conviction will be reversed, and bail is warranted.

-6-

## II. CONCLUSION.

Having conclusively established that the appeal is not for purposes of delay, and raises substantial questions of fact and law, certain to result in reversal, and that Defendant will neither flee nor pose a danger to another person or the community if released on bail pending appeal, bail is effectively mandated by the statute and the Court should order same.

WHEREFORE, Defendant prays that the Court will direct his immediate release on bail, on conditions to be determined by the Court, in the interest of justice, and that this motion will be granted.

Dated: Big Spring, Texas
       November 8, 2021

Respectfully submitted,

*Donville Inniss*

DONVILLE INNISS
REGISTER NO. 70853-018
C.I. BIG SPRING (FLIGHTLINE UNIT)
2001 RICKABAUGH DRIVE
BIG SPRING, TEXAS 79720

III.  CERTIFICATE OF SERVICE.

This shall certify that a true and correct copy of the annexed motion for bond pending direct appeal has been furnished upon the Office of the U.S. Attorney for the Eastern District of New York at 271-A Cadman Plaza East, Brooklyn, New York 11201, on this 8th day of November, 2021, by U.S. Mail, postage prepaid.

Dated: November 8, 2021

*Donville Inniss*
_____
DONVILLE INNISS

DONVILLE INNISS
REG. NO. 70853-018
C.I. BIG SPRING
2001 RECKABAUGH DRIVE
BIG SPRING, TX 79720

THE HONORABLE KIYO A. MATSUMOTO
US. DISTRICT JUDGE
UNITED STATES DISTRICT COURT
225 CADMAN PLAZA EAST
BROOKLYN, NY 11201