UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

--------------------------------- x
                                  :
UNITED STATES OF AMERICA,         :
                                  :
                  Plaintiff,      :
                                  :    **MEMORANDUM AND ORDER**
     -against-                    :
                                  :    No. 18-CR-134 (KAM)
DONVILLE INNISS,                  :
                                  :
                  Defendant.      x
                                  :
---------------------------------

**MATSUMOTO, United States District Judge:**

On January 16, 2020, following a jury trial, Defendant Donville Inniss was convicted of one count of conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h), and two counts of money laundering, in violation of 18 U.S.C. § 1956(a)(2)(A). On February 22, 2020, Defendant filed a motion for acquittal pursuant to Federal Rule of Criminal Procedure 29. (*See* ECF No. 112). On July 24, 2020, the Court denied Defendant's Rule 29 motion. (*See* ECF No. 115). On April 27, 2021, Defendant was sentenced to 24 months' imprisonment. Defendant is currently serving his sentence and is expected to be released on April 9, 2023.

On May 6, 2021, Defendant filed a notice of appeal, and on November 24, 2021, Defendant filed his opening brief before the Second Circuit, and the government filed its brief in opposition on February 23, 2022. *United States v. Inniss*, No. 21-1211 (2d

Cir. Nov. 24, 2021).  (ECF Nos. 38, 64.)

Before the Court is Defendant's motion for release from custody pending appeal pursuant to 18 U.S.C. § 3143(b)(1).  For the reasons set forth below, the motion is respectfully denied.

## DISCUSSION

The evidence adduced at trial was detailed in this Court's Order denying the Rule 29 motion, (*see* ECF No. 115), and the Court refers to it to the extent necessary to analyze the instant motion.

## I.   Legal Standard

In relevant part, 18 U.S.C. § 3143 requires the Court to order that a person who has been found guilty of an offense, has been sentenced to a term of imprisonment, and has filed an appeal, be detained unless it finds:

> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released; and

> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in: (i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b)(1).

This Court, therefore, must determine the following factors: (1) that Defendant is not likely to flee or pose a danger to the safety of any other person or the community if released; (2) that the appeal is not for the purpose of delay; (3) that the appeal raises a substantial question of law or fact; and (4) that if that substantial question is determined favorably to Defendant, that decision is likely to result in reversal or an order for a new trial on all counts on which imprisonment has been imposed. *United States v. Randell*, 761 F.2d 122, 125 (2d Cir. 1985). Defendant bears the burden of establishing that he is entitled to release pending appeal. *See* Fed. R. Crim. P. 46(c); *Randell*, 761 F.2d at 125.

A "substantial question" is "a close question or one that very well could be decided the other way," and if the district court finds that the question raised on appeal is "substantial," it must then consider "whether that question is so integral to the merits of the conviction . . . that a contrary appellate holding is likely to require reversal of the conviction or a new trial." *Randell*, 761 F.2d 122, 125 (2d Cir. 1985) (internal quotation marks and citations omitted).

## II.  **Analysis**

The Court, having considered Defendant's bail history, agrees that his release would not present a flight risk. Furthermore, Defendant was not convicted of any crime of violence and did not have any prior conviction; as such, his release would not pose a danger to the safety of any other person or the community.  However, the Court finds that Defendant has failed to demonstrate that his appeal raises a substantial question of law or fact and therefore denies his motion for release pending appeal.

Defendant contends that the evidence at trial was not sufficient to support his conspiracy and substantive money laundering convictions because the government failed to show that he engaged in any financial transaction subsequent to his receipt of the bribery proceeds.  (ECF No. 147, Defendant's Pro Se Motion for Release on Bond Pending Appeal ("Def. Mot."), at 5–6.)  In other words, according to Defendant, for criminal liability to attach, he must have engaged in a financial transaction involving the proceeds of a specified unlawful activity that is separate from the specified unlawful activity itself.

This very argument was considered and rejected by the Second Circuit in *United States v. Piervinanzi*, 23 F.3d 670 (2d Cir. 1994).  One of the defendants in *Piervinanzi* argued that the proof at trial did not establish money laundering or attempted

money laundering under 18 U.S.C. § 1956(a)(2)(A)[1] because the overseas fund transfers at issue were "simply a component of the bank frauds that the conspirators attempted to perpetrate," so there was no "laundering activity that is analytically distinct from the underlying criminal activity that it promotes."  23 F.3d at 677, 679.  The Second Circuit rejected this argument and found that because "[t]he act of attempting to fraudulently transfer funds out of the banks was analytically distinct from the attempted transmission of those funds overseas, [which] was itself independently illegal," the overseas fund transfers fell within the prohibition of section 1956(a)(2).  *Id.* at 679.

In arriving at its decision, the Second Circuit, *inter alia*, compared the language of section 1956(a)(2) with that of section 1956(a)(1), the domestic money laundering statute, which prohibits financial transactions "involv[ing] the proceeds of specified unlawful activity," thus "requir[ing] first that the proceeds of specified unlawful activity be generated, and second that the defendant, knowing the proceeds to be tainted, conduct or attempt to conduct a financial transaction with these proceeds with the intent to promote specified unlawful activity."  *Id.* at

---

[1] Section 1956(a)(2)(A) provides, "Whoever transports, transmits, or transfers, or attempts to transport, transmit, or transfer a monetary instrument or funds . . . to a place in the United States from or through a place outside the United States with the intent to promote the carrying on of specified unlawful activity . . . shall be sentenced to a fine of not more than $500,000 or twice the value of the monetary instrument or funds involved in the transportation, transmission, or transfer, whichever is greater, or imprisonment for not more than twenty years, or both."  18 U.S.C. § 1956(a)(2)(A).

680.   The Second Circuit noted that section 1956(a)(2), in contrast, does not require "that 'proceeds' first be generated by unlawful activity, followed by a financial transaction with those proceeds." *Id.* *See United States v. Zarrab*, No. 15-cr-867(RMB), 2016 WL 6820737, at (Oct. 17, 2016) (S.D.N.Y. Oct. 17, 2016) (rejecting defendant's argument that the conspiracy money laundering count should be dismissed because it merges with the International Emergency Economic Powers Act violation and bank fraud conspiracy charges, holding that section 1956(a)(2)(A) "clearly penalizes the transportation of monetary instruments in promotion of unlawful activity, not the underlying unlawful activity; in passing the money laundering statute, Congress determined that the transportation of monetary instruments in promotion of unlawful activity itself constitutes a crime.") (internal quotation marks omitted) (quoting *United States v. Bodmer*, 342 F. Supp. 2d 176, 191 (S.D.N.Y. 2004)); *United States v. Root*, 777 F. App'x 536, 539 (2d Cir. 2019) ("[Defendant] argues that a money laundering conviction under 18 U.S.C. § 1956(a)(2)(A) requires conduct that is analytically distinct from the underlying criminal activity that it promotes. But § 1956(a)(2)(A) contains no such requirement.") (internal quotation marks and citations omitted).

Because the specified unlawful activity need not be separate and distinct from the overseas transfer for the transfer to qualify as a violation of section 1956(a)(2)(A), the Court concludes that Defendant's insufficiency of evidence argument does not raise a substantial question of law or fact that is likely to require reversal of the conviction or a new trial. As for the last section 3143(b)(1) factor, the Court finds that there are no reasons to find that Defendant's appeal is for the purpose of delay, and notes that the government does not contend otherwise.

Furthermore, the Court finds that Defendant's filing of the instant *pro se* motion was improper in light of his status as a counseled defendant. *See United States v. Rivernider*, 828 F.3d 91, 108 (2d Cir. 2016) ("A defendant has a right either to counsel or to proceed pro se, but has no right to 'hybrid' representation, in which he is represented by counsel from time to time, but may slip into pro se mode for selected presentations.") (citations omitted); *United States v. Tutino*, 883 F.2d 1125, 1141 (2d Cir. 1989) ("This Court has held that a criminal defendant has no constitutional or statutory right to represent himself as co-counsel with his own attorney. The decision to grant or deny 'hybrid representation' lies solely within the discretion of the trial court."). Defendant has been, and still is represented in the instant action by counsel, who is also the counsel of record for Defendant's appeal before the Second Circuit. Defendant,

7

having failed to offer compelling reasons to justify his own appearance and submission warrants a finding that his motion was improperly filed.

## CCONCLUSION

For the foregoing reasons, Defendant's motion for release from custody pending appeal is respectfully **DENIED** based on his failure to make the requisite showing under 18 U.S.C. § 3143(b)(1).

**SO ORDERED.**

Dated:      Brooklyn, New York
            May 3, 2022

                              _____/s/_____
                              Hon. Kiyo A. Matsumoto
                              United States District Judge